## FRATT *et al. v.* CLARK.

Where personal property is tortiously taken, the party aggrieved may waive the tort and sue in assumpsit for the value of the property.

APPEAL from the Sixth District, County of Sacramento.

This was an action of assumpsit to recover the value of certain cattle, the property of plaintiffs, unlawfully taken by the defendant.

The complaint is in two counts, trover and assumpsit. The defendant demurred to the complaint on the ground that two causes of action were improperly united ; to wit, trover and assumpsit. The record does not show how this demurrer was disposed of, but it is supposed to have been overruled, as the cause was tried by a jury who returned a verdict for the plaintiffs. Defendant moved for a new trial, which was denied, and he appealed to this Court.

*J. C. Zabriskie* for Appellant.

*Clark & Gass* for Respondent.

The complaint was not demurrable. Hillman *v.* Hillman, 14 Howard Prac. Rep. 456 ; Dorman *v.* Killam, *Ib.* 184—202 ; Badger *v.* Benedict, 4 Abb. 176.

TERRY, C. J., delivered the opinion of the Court—BALDWIN, J., concurring.

This is an action in assumpsit for the value of certain cattle. The evidence shows that the defendant, who was a butcher, unlawfully and without authority took plaintiff's cattle, which he slaughtered and sold to various persons.

The appellant objects that the evidence does not sustain the allegations in the complaint. The objection is not tenable. It is well settled, that where a person takes and sells the property of another, without authority, the party aggrieved may waive the tort and sue in assumpsit for the price received at such sale, or for the value of the property so taken. The rule is thus expressed in Burley *v.* Taylor, 5 Hill, 582, by Mr. Justice Cowan : "If trover would have lain, it follows that an action for money had and received will lie for the price or for the value as goods sold and delivered at the election of the plaintiff ;" and a great many authorities, American and English, are cited in support of the doctrine.

Judgment affirmed.