[No. 2,924.]

## GEORGE D. ROBERTS v. R. H. EVANS.

WAIVER OF TORT.—When the goods of one are wrongfully taken and used by another, the owner may waive the tort, and sue in assumpsit for their value, as for goods sold and delivered.

ACCEPTANCE OF OFFER TO SELL PERSONAL PROPERTY.—An offer to sell personal property, when no time is given, must be accepted at once, or within a reasonable time, and six months afterwards is not a reasonable time, as matter of law, to accept the offer.

OFFER TO TAKE PAY FROM ONE JOINT WRONGDOER, NO WAIVER OF ACTION AGAINST THE OTHER.—*Roberts owned personal property, and*

offered to sell it to Ellsworth, but his offer was not accepted. More than six months afterwards Ellsworth went with a servant of Evans and took the property, and delivered it to Evans, who kept and used it, and paid Ellsworth for it. Roberts afterwards wrote to Ellsworth to pay him for the property, but not being paid sued Evans for its value: *Held*, that Roberts' right of action against Evans was not waived by this offer to accept of pay from Ellsworth, and that his purchase from Ellsworth did not release him from liability to Roberts for the value of the property.

APPEAL from the District Court of the Sixteenth Judicial District, Kern County.

The defendant, on the trial, asked the Court to give the following instruction to the jury, which was refused. It is the third instruction referred to in the opinion:

"If the jury believe that Evans, the defendant, purchased the shoes and dies in question, in good faith, of Ellsworth, and without notice of fraud, then you will find for defendant."

The other facts are stated in the opinion.

*G. F. & W. H. Sharp*, for Appellant.

An offer is binding, if accepted before withdrawal. (1 Par. on Con. 480.)

*J. W. Freeman*, for Respondent.

[No brief on file.]

By the Court, BELCHER, J.:

This is an action to recover the value of certain cast-iron shoes and dies, alleged in the complaint to have been sold and delivered by the plaintiff to the defendant. The answer denies that the defendant purchased or received the shoes and dies from the plaintiff. The plaintiff had judgment, and the appeal is from the judgment and from an order overruling the defendant's motion for new trial.

The testimony shows that the shoes and dies were the property of the plaintiff, and that they were at a quartz mine owned by him in Kern County; that in December, 1869, one Ellsworth went with a teamster, who was at work for defendant, to the plaintiff's mill, and having tried and failed to obtain permission from one of the parties in charge of the mill to take the shoes and dies, took them without such permission, and carried them to the quartz mill of the defendant, where they were received and used by the defendant; that the defendant furnished the wagon to haul them to his mill, and knew where they were obtained.

When the plaintiff rested the defendant moved for a nonsuit, on the ground that the plaintiff had failed to show any sale or delivery of the shoes and dies by the plaintiff to the defendant, or by any one acting under his authority, and also on the ground that he had failed to show any authority from the defendant to contract with the plaintiff, or any one else for them.

We think the Court did not err in overruling the motion. It is well settled that when the goods of one are wrongfully taken and used by another, he may waive the tort, and sue in assumpsit for their value, as for goods sold and delivered. (*Fratt* v. *Clark*, 12 Cal. 89; 2 Greenleaf on Ev., Sec. 108.)

The defendant claimed, and introduced witnesses to prove, that he bought the shoes and dies from Ellsworth, and paid him for them; that about a year before they were taken the plaintiff had offered to let Ellsworth have them for their cost and freight, but that he did not want them at that time, and did not then accept the offer; that knowing the plaintiff wanted to sell them, Ellsworth thought it safe to go and take them without any new permission ; and that some seven or eight months after they were taken plaintiff wrote to Ellsworth to remit to him the money in payment for them.

If all this were so, we do not see how it would constitute

any defense to the action.   An offer to sell, when no time is given, must be accepted at once, or within a reasonable time thereafter.   A year, or even six months, must be held, as a matter of law, to be an unreasonable time.

When Ellsworth, therefore, took the property he had no more right to take it than he would have had if there had been no conversation or correspondence between him and the plaintiff in reference to it; and he could clothe the defendant with no better right to it than he had.   The fact that the plaintiff was willing to have other shoes and dies returned in the place of those taken, or to receive pay for them from Ellsworth, was not material; for his right of action had already accrued against the defendant as well as against Ellsworth, and the offer was not a waiver of that right.

Some of the instructions given at the request of the plaintiff might have been better, and perhaps more accurately expressed, but they did not mislead the jury to the prejudice of the defendant.

The third instruction asked by the defendant was properly refused.   It was not law as applied to the facts of the case.

The judgment and order are affirmed.