## EDWARD P. REED v. JAMES ELDREDGE.

SPECIFIC CONTRACT ACT. — The Act of April 27th, 1863, commonly called the "Specific Contract Act," does not authorize the rendition of a judgment to be paid and collected in a specific kind of money, except in an action on a contract or obligation in writing made payable in a "specific kind of money or currency," or in an action for the recovery of money received in a fiduciary capacity or to the use of another.

ACTION ON JUDGMENT RENDERED PRIOR TO APRIL 27th, 1863.—In an action upon a judgment rendered prior to the passage of the Act of April 27th, 1863, commonly called the "Specific Contract Act," the Court has no power to annex to the judgment rendered an order or direction specifying the kind of money in which payment must be made in satisfaction of the judgment.

JUDGMENT AT COMMON LAW.—At common law, the judgment of the Court was, that the plaintiff recover his debt or damages, or debt and damages, as the case might be, without any order or direction specifying how the money should be paid by the debtor or made by the officer. After judgment, the law, and not the Court, directed what proceedings should be had for the purpose of satisfying the amount adjudged to be due.

COMMON LAW.—Upon the adoption of the common law in this State, the Courts became subject to all its provisions, except in so far as the statutes worked a change in the common law rules.

APPEAL from the District Court, Third Judicial District, Santa Clara County.

The facts are stated in the opinion of the Court.

*Shafter, Goold & Dwinelle*, for Appellant.

*Patterson, Wallace & Stow*, for Respondent.

By the Court, RHODES, J.

The plaintiff alleges in his complaint that in 1861 he recovered a judgment in the District Court against the defendant for the sum of one thousand and fifty-nine dollars and costs of suit, which judgment remains in full force, and that he has not obtained any execution or satisfaction of the judgment, whereby an action accrued to him to demand and have of the defendant the several sums of money mentioned in the judgment, wherefore he prays for judgment for the amount of principal, interest, and costs of the judgment of 1861, " to be paid in the current United States gold and silver coin only," and for costs of suit, payable in the like current gold and silver coin only.   The action was commenced December 5, 1863, and, the defendant having made default, judgment was rendered by the Court at the January term, 1864, for the amount of the former judgment and interest, together with costs of suit, the whole amount " to be paid by said defendant in current gold and silver coin only," and the Sheriff was directed to receive, in satisfaction of the execution to be issued, nothing but current gold and silver coin.

The defendant appeals from the judgment alone, and the question is, do the facts stated in the complaint authorize the Court to annex to the judgment for the recovery of the amount due, the direction that it be paid in a particular kind of money ?

. The counsel for the plaintiff have 'directed their efforts mainly to prove that the judgment of 1861 was payable in the gold and silver coin of the United States only, because it was contracted before the passage of the Legal Tender Act of Congress of July 11, 1862, and because, as they hold, a debt existing at the passage of the Act is not 'included within the words of the Act, " all debts," according to their true meaning, when interpreted by the recognized rules of legal construction.   But that question is not necessarily involved in the case.

The first point to be determined is : had the Court the power

to annex to the judgment rendered upon the facts stated in the complaint, an order or direction specifying the kind of money in which payment must be made in satisfaction of the judgment? If the Court did not possess the power the judgment is erroneous.

The judgment upon which the action was brought, was a contract for the payment of a sum of money evidenced by the record of a Court. The debt secured by it differs in no manner from a simple contract debt, though the evidence of the existence of the debt is of a higher and more solemn character than that by which a simple contract debt is proven. Upon proof being made in either case of the existence of the debt it becomes the duty of the Court to render judgment for the amount found due. In either case an action at law is brought to recover a sum of money alleged to be due the plaintiff in the action. The cause of action is simply a demand for the payment of a sum of money. At common law, when an action was brought on a judgment or any contract for the payment of money, the judgment of the Court was that the plaintiff recover his debt or damages or debt and damages, as the case might be, without any order or direction specifying how the money should be paid by the debtor or made by the officer. The Court adjudged that the plaintiff do have and recover of the defendant the specified sum of money, and from that point the law—not the Court—directed what proceedings should be had for the purpose of satisfying the amount adjudged to be due. Upon the adoption of the common law in this State the Courts became subject to all its provisions, both as to their powers and the mode of procedure, except in so far as the statutes worked a change in the common law rules. We doubt if an instance can be found where a Court possessing common law jurisdiction has assumed, in rendering judgment in an action for the recovery of a debt, to add to the judgment a direction similar or even analogous to that found in this case. No facts are stated in the complaint that would require a different judgment to be entered than was required at common law in any case on a contract for the payment of

money only ; and if the necessary facts had been stated in the complaint, no Court but one possessing and exercising equity powers could, in the absence of authority conferred by statute, grant the relief prayed for.  The plaintiff has not cited any rule of the common law or provision of the statute conferring upon the Court authority to make the order in this case. The statute did not confer the power to make an order in an action at law, requiring the money recovered to be paid or collected in a specific kind of money, until the passage of the Act of April 27, 1863, commonly called the " Specific Contract Act."  The statute engrafted upon the remedies of a general nature, that Courts of common law jurisdiction could afford, in an action at law, one of the remedies peculiar to Courts of equity, which in its nature is analogous to a decree for a specific performance ; and it restricted the additional relief to a specified class of cases.  That Act is not applicable to this case, for it provides, that a judgment of the character of the one before us may be entered in an action on a contract or obligation in writing made payable in a " specific kind of money or currency," or in an action for the recovery of money received in a fiduciary capacity, or to the use of another, and no authority is given to the Court, in any other case, to render a judgment in an action at law, to be paid in a specific kind of money.

That portion of the judgment that requires the amount of the judgment and costs to be paid and collected in current gold and silver, is erroneous.

It is ordered that the cause be remanded to the Court below with directions to modify the judgment, by striking out those portions of it requiring the defendant to pay the sums therein specified in gold and silver coin only, and ordering an execution to be issued, and requiring the Sheriff to receive in its satisfaction nothing but current gold and silver coin.