## WILLIAM T. WALLACE *v.* JAMES ELDREDGE. (No. 2.)

MATERIAL FACT IN PLEADING.—A statement in a complaint that the contract sued on was made payable in a specific kind of money is an allegation of a material fact.

JUDGMENT A CONTRACT.—A judgment is a contract in the highest sense of the term, and the word "contract" as used in the amendment to the Civil Practice Act providing for the rendition of judgment payable in the kind of money specified in the contract, includes judgments.

JUDGMENT ON GOLD COIN JUDGMENT.—If the complaint in an action on a judgment avers that the judgment sued on was rendered payable in gold coin, and defendant makes default, the Clerk should enter judgment payable in the same kind of money.

CONSOLIDATION OF SUITS.—The Supreme Court will not consolidate suits brought upon distinct causes of action.

JUDGMENTS.—If the decision of the Court below was correct when it was made, the appellate Court will not reverse the judgment by reason of any matter of fact which was not shown or offered in the Court below.

APPEAL from the District Court, Third Judicial District, Santa Clara County.

The facts are stated in the opinion of the Court.

*Shafter, Goold & Dwinelle,* for Appellant.

*Patterson, Wallace & Stow,* for Respondent.

By the Court, RHODES, J.

In December, 1863, the plaintiff sued Eldredge upon a judgment, and in his complaint he alleged that by the consideration and judgment of the Court he "recovered against the defendant the sum of three thousand four hundred and seventy-five dollars and seventy-one cents, payable in the current gold and silver coin of the United States of America only, and the further sum of nineteen dollars and twenty-five cents, payable only in the like gold and silver coin;" and he prayed for judgment for those sums, and that they be "adjudged to be payable by said defendant in United States gold and silver coin only." The defendant was duly served with process, and on his failure to answer, the Court, on the 11th of January, 1864,

rendered judgment by default against him for the amount of the alleged judgment and costs of suit, " to be paid by said defendant in current gold and silver coin only ;" and the Court also, in said judgment, directed the Sheriff to receive nothing but gold and silver coin in satisfaction of the execution to be issued upon the judgment. The defendant appeals from this judgment, and the cause comes before us on the judgment roll alone. No proceedings appear to have been had in the Court below by the defendant to set aside the default, and the record contains neither a statement nor a bill of exceptions.

The defendant, by his default, admitted every material fact alleged in the complaint. This is not controverted, nor is it, nor can it be denied that in view of the " Special Contract Act " of April 27, 1863, permitting a judgment to be rendered payable in a specified kind of money, upon a contract or obligation in writing for the direct payment of money, made payable in a specified kind of money, the statement in the complaint, that the contract sued on was payable in a specified kind of money, is an allegation of a material fact. That Act, which has been upheld by this Court in *Carpentier* v. *Atherton*, 25 Cal. 564, would be nugatory and idle, if the facts which authorize the Court to exercise the peculiar jurisdiction specified in this Act, are not material facts in the cause.

A judgment is a contract, in the highest sense of the term, and as an obligation it possesses a force superior to that of a specialty or simple contract (Chit. Cont. 1; 2 Black. Com. 382 ; 1 Pars. on Cont. 7) ; and is included in the meaning of the term "contract," or obligation, as employed in the Special Contract Act. If, in this case, the judgment described in the complaint had never been rendered, and the allegations of the complaint in that respect had been pure fictions, it would have been the plain duty of the defendant to have denied the rendition of the alleged judgment ; but his default would have been followed by its usual consequences—the admission that it was true, that the judgment had been rendered as alleged, and the admission would bind him in every Court, and in every stage of the case—while the default remained in force against him.

The appellant moves that we may consolidate this cause with his appeal from another judgment, and consider the two causes as one, and thus in effect incorporate into the second case a *fact*, that not only did not appear in the record, as it came to this Court, but which was not in issue or established in the case while in the Court below. We know of no rule empowering us to consolidate suits brought upon distinct causes of actions. If the consolidation should be made, the desired result would not ensue; for in the trial of the second case, the reversal of the first judgment would be merely matter of evidence, to be offered in proof of an issue of fact, if one had been made in the case.

If the decision of the Court below was correct when it was made, the appellate Court will not reverse it, and certainly it will not do so by reason of any matter of fact that was not shown or offered in the Court below. All the facts in the case, upon which this judgment was rendered, are stated in the complaint, and they are admitted to be true. They are found in no other part of the case, and the Court passed upon them as they were therein set forth, and upon those facts the judgment is correct.

Judgment affirmed.