[No. 7,055.—Department No. 1.]

## DE LA GUERRA v. NEWHALL.

PLEADING — ASSUMPSIT — COMMON COUNTS — PROMISE —EVIDENCE—VARIANCE— IMMATERIAL ERROR.—The promise to pay, alleged in the common counts in assumpsit, was a mere conclusion of law from the facts stated; and, under the Code, in such cases, (as it is only required to state the facts) an express promise need not be alleged, and, if alleged, need not be proved. Accordingly—where the complaint alleged the pasturing of defendant's cattle on the plaintiff's land, and the value of the pasturage; and also alleged that the plaintiff expressly promised to pay what it was reasonably worth—*held*, that it was not necessary to prove an express promise; and *held, further*—there being no conflict in the evidence as to the pasturing of defendant's cattle on the plaintiff's land—that the admission of incompetent evidence as to an express promise could do no injury, and was, therefore, not ground for reversal.

FORMER JUDGMENT — ESTOPPEL.—A judgment for defendants, in an action for the trespassing of defendants' cattle on the plaintiff's land, held not to be a bar to a subsequent action for similar trespasses, occurring prior to those alleged in the former action.

APPEAL from a judgment for the plaintiff, in the First District Court, County of Ventura, (FAWCETT, J.) and from an order denying the defendants a new trial in the Superior Court of the same county.   HINES, J.

In the complaint in the former action, referred to in the opinion, the trespasses complained of are alleged to have occurred "upon divers days and times since said 5th day of May, 1877"; and it was admitted on the trial, that the cattle, for which pasturage is claimed in this action, are the same cattle mentioned in the complaint in the former action; and that they remained on plaintiff's land from the time they first strayed thereon, about March 21st, 1877, until the time the former action was commenced.

The statement of H. G. Newhall, referred to in the opinion, was to the effect, that as soon as Soto (one of the defendants) should come from San Francisco, he (Newhall) and Soto would pay plaintiff for all the damage which had been done by the cattle. H. G. Newhall was the son of the defendant Newhall; but it did not appear that he was authorized to act for the defendants.

The other facts are stated in the opinion.

*Russell J. Wilson, Charles Fernald*, and *Wilson & Wilson*, for Appellants, cited, on the point of estoppel, *De la Guerra* v. *Newhall & Soto*, 53 Cal. 142.

*Blackstock & Shepherd, J. M. Brooks*, and *J. G. Howard*, for Respondent.

Morrison, C. J.:

The complaint in this action contains two counts in *indebitatus assumpsit*, the first for pasturing 1,500 head of cattle from the 20th day of March to the 5th day of May, 1877, and the second for pasturing "a large band of cattle" from the 20th day of February to the 5th day of May, 1877. Trial before a jury, and verdict for plaintiff in the sum of $900. The case is brought before this Court on appeal from the judgment and from the order of the Court below, denying defendant's motion for a new trial.

In both counts of the complaint, an *express promise* on the part of the defendants is alleged, but the evidence fails to establish an *express promise*, and this is the first point made on appeal. It is claimed on behalf of the appellants, that it was

incumbent on the plaintiff to prove an *express promise*, as such promise was averred in both counts of the complaint. Such was not the rule under the common-law forms of pleading, and is not the rule under the Code of Civil Procedure.

"No distinction exists in pleading between an implied promise and an express one; it is true that in *evidence* the law in many cases implies from certain facts that a promise has been made; but in *pleading*, the supposed promise itself should be alleged, and it is at least untechnical merely to state that which is only evidence of a promise." (1 Chitty on Pleading, 309.)

In the case of *Wilkins* v. *Stidger*, 22 Cal. 236, the Court held that "the promise to pay, alleged in the common counts in assumpsit, was a mere conclusion of law from the facts to be stated, and as the Code only requires the facts to be stated, they are sufficient without setting forth the conclusion of law arising from those facts"; and in the later case of *Abadie* v. *Carrillo*, 32 Cal. 174, the same thing was held by the Court.

In the case now under consideration, the complaint contained all the averments necessary to the creation of a legal liability on the part of defendants. It avers ownership of the land in the plaintiff, ownership of the cattle by the defendants, the fact that they were pastured on plaintiff's land during a stated period of time, and that such pasturage was worth the amount stated in the complaint. From these facts, if proved, the law creates an implied promise and a legal liability, although the defendants' cattle were *wrongfully* on the plaintiff's land. (*Pratt* v. *Clark*, 12 Cal. 89; *Roberts* v. *Evans*, 43 Cal. 381.)

The appellants rely with great confidence on the fact that the evidence fails to show an express promise to pay, made by the defendants or either of them; but in view of the foregoing authorities, it was unnecessary for the plaintiff to prove an express promise.

The next point made in appellants' brief is, that there was no evidence as to the value of plaintiff's land for pasturage, or as to what it was reasonably worth. In looking into the transcript, however, we find that several witnesses testified on this subject, and there was sufficient evidence to justify the verdict. It is true that there was a substantial conflict, but it is in just such cases that this Court has repeatedly refused to interfere with the judgment of the Court below.

It is contended, on behalf of the defendants, that the plaintiff is concluded from recovering in this action by reason of another action commenced by him on the 5th day of July, 1877.

It appears from the record, that the plaintiff filed his complaint against the defendants in the District Court of the First Judicial District for the recovery of $10,000 damages for an alleged trespass by defendants' cattle on plaintiff's land, that a trial was duly had in said action, and a verdict was rendered therein on the 6th day of December, 1877, for the sum of $2,250 damages. It further appears, that the case in which such verdict was rendered was settled on the 10th day of November, 1878, and the action was thereupon dismissed.

But the time embraced within the complaint filed on the 5th day of July is subsequent to and does not cover any of the period mentioned in the complaint in this action. The action brought on July 5th was for trespasses committed by defendants' cattle on plaintiff's land *after* May 5th, 1877, and is for other and different acts from those set forth in the complaint in the case which we are now considering. It is clear, therefore, that the settlement of the case and the dismissal of the action of July 5th cannot affect the plaintiff's right of recovery in the present action.

The only remaining question in this case is, that the statement of H. G. Newhall (page 37 of the transcript) was incompetent and inadmissible. This may be conceded, but it did no injury to the defendants. It is clearly proved that the defendants' cattle were pastured on the plaintiff's land. On this point there is no conflict in the evidence, and whether the defendants expressly promised to pay for such pasturage or not, is, as we have already shown, immaterial. The plaintiff, in the absence of any such promise, was entitled to recover what such pasturage was reasonably worth.

Judgment and order affirmed.

McKINSTRY, J., ROSS, J., and McKEE, J., concurred.