[No. 12335. Department One. —November 4, 1889.]

COTTON W. BEAN, RESPONDENT, *v.* A. M. LORYEA, APPELLANT.

ACTION UPON FOREIGN JUDGMENT — EVIDENCE OF AUTHENTICATION. — The clerk's certificate attached to the copy of the record of a judgment rendered in the supreme court of the state of New York is sufficient, under section 1905 of the Code of Civil Procedure, if the seal of the court is annexed, and the "presiding justice" of the court attaches his certificate that the attestation is in due form. Such certificate is not objectionable for not showing who was the legal keeper of the records, nor because the certificate of attestation is not signed as "chief judge" or "presiding magistrate."

ID. — DISCHARGE IN INSOLVENCY — NON-RESIDENT CREDITOR. — A discharge in insolvency granted in this state is no bar to an action in this state upon a judgment rendered in another state in favor of a resident thereof who was not a party to the insolvency proceedings.

ID. — EXTRATERRITORIAL EFFECT OF DISCHARGE — JUDGMENT A CONTRACT OR DEBT — JURISDICTION. — A suit upon a judgment is an action

upon a contract or debt within the meaning of the decisions denying extraterritorial effect to a discharge in insolvency. Being a debt, the rights accruing to plaintiff under it could not be taken away by a court which did not have jurisdiction over him.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*C. Wittram,* for Appellant.

*E. E. Haft,* for Respondent.

FOOTE, C.—This action was upon a judgment rendered in the supreme court of the state of New York in and for the city and county of New York. Judgment was rendered as prayed for, and from it and an order denying a new trial, the defendant appeals. He makes the point in favor of his demand, that the certificate of the clerk of the court authenticating the copy of the record of the judgment obtained in New York is not sufficient, because it does not show that the clerk was the legal keeper nor where the legal custody of such records belong, and the certificate of the judge as "presiding justice" is insufficient.

Section 1905 of the Code of Civil Procedure, under which a judicial record such as that now in hand can be proved, provides that " a judicial record of this state or of the United States may be proved by the production of the original, or of a copy thereof certified by the clerk or other person having the legal custody thereof. That of a sister state may be proved by the attestation of the clerk and the seal of the court annexed, if there be a clerk and seal, together with a certificate of the chief judge or presiding magistrate that the attestation is in due form."

Here the clerk attested the copy of the judicial record, and annexed the seal of the court. Attached to the cer-

tificate is that of the "presiding justice" of the court, which is the equivalent of "chief judge," or "presiding magistrate" thereof, that the attestation is in due form. This is a full compliance with the law.

The proof of the judgment being sufficient, it remains to be considered whether the certificate of discharge in insolvency, obtained from the proper court in the state of California, was a bar to the recovery of the plaintiff, who is a resident of the state of New York.

The supreme court of the United States held, in *Baldwin* v. *Hale*, 1 Wall. 234, that "insolvent laws of one state cannot discharge the contracts of citizens of other states because they have no extraterritorial operation, and consequently the tribunal sitting under them, unless in cases where a citizen of such other state voluntarily becomes a party to the proceeding, has no jurisdiction in the case. Legal notice cannot be given, and consequently there can be no legal obligation to appear, and of course there can be no legal default."

In the present case the plaintiff did not become a voluntary party to the insolvency proceedings.

The appellate court of Vermont, in *Bedell and Warden* v. *Scruton*, 54 Vt. 493, has followed the rule laid down by the supreme court of the United States, and the appellate court of California takes the same view of the matter in *Rhodes* v. *Borden*, 67 Cal. 7.

The appellant seeks to avoid the force of these decisions by claiming that an action upon a judgment is not a suit based upon a contract, and that therefore these cases are not in point. In this position he is not supported, as it has been declared by the court of last resort in this state that suits upon judgments are actions upon contracts. (*Stuart* v. *Lander*, 16 Cal. 375; 76 Am. Dec. 538; *Reed* v. *Eldridge*, 27 Cal. 348; *Wallace* v. *Eldredge*, 27 Cal. 499.)

We do not understand the case of *Larrabee* v. *Baldwin*, 35 Cal. 168, to be in conflict with the decisions just re-

ferred to.   It is there said: "The claim of the respond-
ent that the judgment itself is a contract creating a new
debt, within the meaning of the statute [that is, an act
authorizing the formation of mining corporations], for
which all who were stockholders at the date of the ren-
dition of the judgment are personally responsible, is too
absurd to require argument to refute it.   That a judg-
ment is a contract of record, in a certain legal sense,
may be conceded, but it creates no such new liability as
the statute in question contemplates."

   It has also been held by the same tribunal that a judg-
ment is a debt.   (*McBride* v. *Fallon*, 65 Cal. 303.)   Being
a debt, the rights accruing to the plaintiff under it could
not be taken away by a court which did not have juris-
diction over him.

   We therefore advise that the judgment and order be
affirmed.

   BELCHER, C. C., concurred.

   The COURT.—For the reasons given in the foregoing
opinion, the judgment and order are affirmed.