[No. 13477. Department Two. — June 30, 1891.]

## HENRY JOHN DORE, APPELLANT, v. HARRIET FRANCES THORNBURGH, RESPONDENT.

ACTION UPON FOREIGN JUDGMENT — PLEADING — RENDITION AND ENTRY OF JUDGMENT — GENERAL DEMURRER. — In an action upon a judgment rendered in the Queen's Bench Division of the High Court of Justice, in England, an allegation that the plaintiff in the action in which the judgment was rendered signed final judgment for a specified sum in accordance with the terms of an order of the said court, "which said judgment was then and there duly given, made, and entered," is sufficient as against a general demurrer.

ID. — STATUTE OF LIMITATIONS — CONSTRUCTION OF CODE. — An action on a foreign judgment is not barred by the statute of limitations within two years, under section 339 of the Code of Civil Procedure, but falls within the provisions of section 343, respecting actions not otherwise provided for, and is not barred by the statute until four years after the cause of action has accrued.

ID. — MEANING OF TERMS — "INSTRUMENT OF WRITING" — "CONTRACT" — "EXECUTED." — A foreign judgment is not an "instrument in writing executed out of the state," within the meaning of subdivision 1 of section 339 of the Code of Civil Procedure, and though it is a contract in writing within the meaning of the term "contract or obligation" as used in the statute, yet, as such, it is not embraced in the two years' limitation prescribed by the provisions of that subdivision of the section, the word "executed" applying only to the act of a party sought to be charged, and not to the judgment of a court.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*Galpin & Zeigler,* for Appellant.

The action is not barred in two years. (See Code Civ. Proc., sec. 339.)  A foreign judgment is not a contract, obligation, or liability for the payment of money, founded upon an instrument in writing executed out of the state, within the meaning of the statute of limitations.  (*Patten* v. *Ray,* 4 Cal. 287.)

*T. I. Bergin,* for Respondent.

While a judgment for remedial purposes is called a contract, it is not such in fact.  (*Dupleix* v. *De Roven,* 2 Vern. 540; *Walker* v. *Witter,* 1 Doug. 1; *Hubbell* v. *Coudery,* 5 Johns. 132; *Harris* v. *Saunders,* 4 Barn. & C. 411; *Stuart* v. *Lander,* 16 Cal. 375; 76 Am. Dec. 538; Angell on Limitations, sec. 83; Wood on Limitations, p. 16, sec. 38, p. 65, sec. 30.)  The alleged judgment not being the instrument of the defendant, the alleged cause of action thereon is barred in two years.  (*Piller* v. *Southern Pacific R. R. Co.,* 52 Cal. 44.)

FITZGERALD, C. — This action was commenced by plaintiff on the fourth day of October, 1888, to recover upon a judgment given against the defendant on the ninth day of May, 1885, in the Queen's Bench Division of the High Court of Justice, in England.

The complaint is demurred to on the grounds, — 1. That it does not state facts sufficient to constitute a cause of action; 2. That the alleged cause of action is barred by the provisions of section 339 of the Code of Civil Procedure.

The demurrer was sustained by the court below, and upon plaintiff failing to amend his complaint, judgment

final was rendered in favor of defendant. The appeal is taken upon the judgment roll alone.

The objection raised by the first ground of demurrer, that there is no averment in the complaint that the court ever made or gave the alleged judgment, is not well founded. The complaint alleges " that thereafter, to wit, upon the ninth day of May, 1885, the said plaintiffs signed final judgment in the said action for the said sum of £3,920, in accordance with the terms of the said order, and which *said judgment* was then and there duly *given, made, and entered.*" This allegation we think sufficient as against a general demurrer.

Under the second ground of demurrer, the question presented for our determination is, whether this action, which is founded upon a judgment rendered by an English tribunal, is barred by the statute of limitations within two years.

Subdivision 1 of section 339 of the Code of Civil Procedure, upon which respondent relies in support of her contention that the action is barred within that time, reads as follows:—

"1. An action upon a contract, obligation, or liability, not founded upon an instrument of writing, or founded upon an instrument of writing executed out of the state."

That the judgment herein is not such an instrument in writing (*Patten* v. *Ray*, 4 Cal. 287) is evident from the use here made of the word "executed," which must be construed to apply to the act of the party sought to be charged. But it is a contract in writing in the full sense of the term " contract or obligation" as employed by our statute (*Stuart* v. *Lander*, 16 Cal. 375; 76 Am. Dec. 538; *Reed* v. *Eldredge*, 27 Cal. 346; *Wallace* v. *Eldredge*, 27 Cal. 498; *Bean* v. *Loryea*, 81 Cal. 152); and, as such, is not embraced in the two years' limitation prescribed by the provisions of that subdivision of the section.

Section 343 of the Code of Civil Procedure ("An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued") was construed by this court, in *Piller* v. *Southern Pac. R. R. Co.*, 52 Cal. 42 (which was an action for damages for injuries caused by the alleged negligence of the defendant), to apply "to all suits in equity not strictly of concurrent cognizance in law and equity," and that the two years' limitation found in the *first clause* of the first subdivision of section 339 is applicable to all actions at law not specifically mentioned in other portions of the statute.

In *Lux* v. *Haggin*, 69 Cal. 269, which was an action for equitable relief, its meaning was extended so as to embrace " all suits in equity as well as at law." And while we do not think that the construction put upon this section was necessary to the decision of either case, we are satisfied with the reasoning and the conclusion reached in the latter, and regard it as the correct interpretation of the intention of the legislature as there expressed. We are therefore of the opinion that this action, which is not specifically provided for by any other section of the statute of limitations, falls within the meaning of section 343; and as it was commenced within the period of time therein prescribed, it follows that the court below erred in sustaining the demurrer.

We advise that the judgment be reversed, with directions to the court below to overrule the demurrer.

FOOTE, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed, with directions to the court below to overrule the demurrer.