[S. F. No. 3351.   Department One.—May 13, 1905.]

## D. S. WEAVER, Respondent, v. CITY AND COUNTY OF SAN FRANCISCO, Appellant.

JUDGMENT AGAINST CITY — DESIGNATION OF FUND — DIRECTIONS UPON APPEAL—RES ADJUDICATA—ACTION.—A judgment entered against a city, payable only out of the funds of a particular year, pursuant to the directions of this court upon appeal, is *res adjudicata,* and cannot be subsequently modified or changed. A subsequent judgment of the superior court in an action thereupon, omitting such limitation, is erroneous.

ID.—AMENDMENT OF CONSTITUTION—PERMISSIVE PAYMENTS BY CITY—LIMITATION OF AMOUNT—DISCRETION.—The amendment of the state constitution removing the limitation upon the city of San Francisco of certain claims for indebtedness for certain fiscal years, and providing that the city may pay the same, not exceeding a certain total amount, out of the revenue of succeeding years, is permissive, only giving the city a discretion in allowing and paying claims within the limit prescribed, and where it paid the principal sum of the judgment out of the revenue of other years, it cannot be compelled to pay the interest and costs out of the funds of any other year than that originally specified in the judgment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. C. B. Hebbard, Judge.

Franklin K. Lane, former City Attorney, Percy V. Long, City Attorney, and John P. Coghlan, Assistant City Attorney, for Appellant.

J. C. Bates, for Respondent.

VAN DYKE, J.—This appeal is taken by the defendant, the city and county of San Francisco, from a judgment rendered against defendant in favor of the plaintiff upon the pleadings. The record consists of the amended complaint, demurrer to the same, order overruling the demurrer, answer on the part of the defendant, notice of motion to take judgment upon the pleadings, and the so-called findings and the judgment entered in accordance with the motion, and notice of the appeal.

The complaint counts upon a former judgment rendered in the superior court of the city and county of San Francisco April 24, 1896, which judgment, it is alleged, was rendered in favor of the plaintiff herein and against the defendant herein, for the sum of $2,226.69 principal, $511.31 interest, and $108 costs of suit, amounting in the aggregate to $2,846. The said judgment so given was rendered and entered, it is alleged, in pursuance of and in obedience to the direction of the supreme court of California on appeal by said plaintiff from a judgment rendered and entered against him on the first trial of the case. The complaint further alleges that part of said judgment—to wit, the sum of $2,226.70—was paid by the defendant on the 8th of October, 1901, and that no other sum of money had been paid thereon, and that said judgment so rendered and entered was for material furnished, work done, and labor performed for defendant by the plaintiff during the fiscal year ending June 30, 1893. It is further alleged in the complaint that under the amendment of the state constitution the said defendant is authorized and empowered to pay such demands with interest thereon at the rate of five per cent per annum, and that the amount of interest due, owing, and unpaid on said judgment so given, rendered, and made, at the rate of five per cent, is $775.30, and the balance of the principal unpaid is $1,619.30. In the answer the judgment counted upon in the action is set out in full. Said judgment recites that the cause having been appealed to the supreme court of the state of California on the

twenty-fifth day of March, 1895, and *remittitur* from said supreme court having been filed in the clerk's office reversing the judgment appealed from, with directions to render judgment for plaintiff for $2,226.69, but limiting its payment to the funds of said city and county for the fiscal year ending June 30, 1893, coming on regularly for hearing, etc., thereupon, in accordance with said direction, enters judgment accordingly. "Said judgment to be paid out of the income and revenue of said defendant provided for the fiscal year ending June 30, 1893."

The appellant contends,—1. That said judgment, entered April 24, 1896, in pursuance of the directions of this court, became *res adjudicata,* and could not be modified or amended by bringing another action founded upon said judgment; and 2. That the amendment of section 18 of article XI of the constitution in November, 1900, referred to and relied upon by the plaintiff, removing the restriction contained in said section as it originally stood, and allowing the city and county of San Francisco to pay claims accruing during certain fiscal years, is permissive merely.

In the opinion of this court on the appeal from the former judgment it is said: "Whoever deals with a municipality does so with notice of the limitation of its powers, and with notice also that he can receive compensation for his labor or materials only from the revenues and income previously provided for the fiscal year during which his labor and materials are furnished; and with the knowledge, too, that all other persons dealing with the municipality have the same rights to compensation and are subject to the same limitations as he is. Even though at the time of making his contract there are funds in the treasury sufficient to meet the amount of his claim, he is charged with notice that these funds are liable to be paid out for municipal expenditures before his contract can mature into a claim against the city, and, if others whose claims have accrued subsequent to his are able to intercept these funds, he is in the same condition as any creditor who has dealt with one whose assets are exhausted before he presents his claim." But it is added by the court: "In the present case it appears from the findings of the court that the whole amount of the tax that was levied for the fiscal year ending June 30, 1893, has not been collected, and it may be

that in the future there will be received into the treasury from this tax a sufficient amount of money from which the plaintiff's claim may be satisfied. At all events he has the right to a judgment against the city for the amount of his claim, with the limitation that it shall be satisfied out of the income and revenue provided for the fiscal year ending June 30, 1893, after the payment of such other demands against such income as are properly payable in preference to his own.

"The judgment is reversed, and the superior court is directed to enter a judgment in favor of the plaintiff and against the defendant for the sum of $2,226.69, and directing that the same be satisfied out of the income and revenues of the defendant provided for the fiscal year ending June 30, 1893, in accordance with the foregoing opinion." (*Weaver* v. *San Francisco*, 111 Cal. 325.)

No petition for rehearing or other modification of said judgment was asked on the part of the plaintiff, as might have deen done had the plaintiff desired a general judgment instead of the one directed to be entered. In the case of *Higgins* v. *San Diego Water Co.*, 118 Cal. 527, involving a similar question of liability of a city, after a rehearing granted, this court in Bank in that case said: "On a former hearing of this cause judgment in favor of the city of San Diego was reversed, with direction to the superior court to enter judgment in favor of the water company for the reasonable value of the use of its distributing plant, etc., said judgment to be payable only out of the revenue of those fiscal years during which the city held possession of the plant. A rehearing was ordered principally upon the question as to the proper form of the judgment. Upon further consideration of the case, we have reached the conclusion that the water company should have an ordinary general judgment for whatever amount shall be found due it, without any direction as to the revenues out of which the judgment shall be satisfied." Accordingly in that case a general judgment was ordered to be entered, and the same might have been done in this case had the plaintiff been dissatisfied with the judgment containing the limitation in question. But the plaintiff acquiesced in the form of the judgment and the limitation contained therein, and upon the going down of the *remittitur*, on April 24, 1896, upon his motion judgment was rendered and en-

tered in his favor in the superior court in the manner and form as directed by this court as already shown. The judgment so rendered and entered in the superior court in accordance with the direction of this court was, however, never modified, and therefore became *res adjudicata* binding upon both parties. As said in *Wallace* v. *Eldredge,* 27 Cal. 498, "A judgment is a contract, in the highest sense of the term, and as an obligation it possesses a force superior to that of a specialty or simple contract (Chit. Cont. 1; 2 Black. Com. 382; 1 Pars. on Cont. 7)." "In fact the court had no power or authority to modify or change the judgment as directed to be entered by this court. No provision can be ingrafted upon it, nor can any be taken from it." (Elliot on Appellate Procedure, sec. 576.) "The judgment of this court concludes the parties, and it is too late now to change it." (*Argenti* v. *Sawyer,* 32 Cal. 414.) In *Chafoin* v. *Rich,* 92 Cal. 471, it is said: "Where the supreme court directs a particular judgment to be entered, the court below must not retry the cause, but must enter the judgment directed, and the entry of a different judgment is void."

After the adoption of the amendment to section 18 of article XI of the constitution, modifying the limitation contained in said section as it originally stood, the defendant herein, as appears by the admission of the amended complaint, paid the amount of the principal for which said judgment was rendered,—to wit, $2,226.69,—leaving the interest and costs of suit unpaid, and it is for the recovery of these unpaid amounts, with accruing interest thereon, that the present suit is brought, and for which a judgment absolute in terms was rendered by the court below. We think the contention of the appellant that the former judgment had become the law of the case is correct, and that its terms and conditions cannot be altered or modified by bringing another action founded upon it.

The amendment to section 18 of article XI of the constitution, adopted in 1900, already referred to, consisted of a proviso added to said section as follows: "Provided, however, that the city and county of San Francisco may at any time pay the unpaid claims, with interest thereon at the rate of five per cent per annum, for materials furnished to and work done for said city and county during the forty-first,

forty-second, forty-third, forty-fourth, and fiftieth fiscal years, and for unpaid teachers' salaries for the fiftieth fiscal year, out of the income and revenue of any succeeding year or years, the amount to be paid in full of said claims not to exceed in the aggregate the sum of five hundred thousand dollars, and that no statute of limitations shall apply in any manner to these claims." And also containing another provision in reference to the indebtedness of the city of Vallejo, in Solano County.

The amendment, it will be seen, removes the limitation formerly imposed upon the city in reference to the payment of certain claims of indebtedness applicable to certain fiscal years and up to a certain aggregate amount. In the construction of a constitution or statute words and phrases are construed according to the context and approved usage of the language. (Civ. Code, 13; Code Civ. Proc., 16.) From its very terms the amendment in question is permissive only, giving the city some discretion in allowing and paying the claims referred to, up to the limit prescribed. The plaintiff himself does not pretend that the city is bound to pay his claim, but alleges in his complaint that under the constitutional amendment in question "said defendant is authorized and empowered to pay such demands." It is alleged in appellant's brief, and not controverted by respondent, that under this amendment money was raised by the city and county of San Francisco to pay certain back indebtedness, and that a portion was set aside to pay the bills of the fiscal year ending June 30, 1893, and that of that the respondent received the amount of his original claim, this being considered at the time his fair proportion of the money allowed for the indebtedness of that year.

It is ordered that the judgment appealed from be and the same hereby is modified by adding thereto the proviso contained in the original judgment, to wit: "Said judgment to be paid out of the income and revenues of said defendant provided for the fiscal year ending June 30, 1893," and that as so modified said judgment is affirmed.

Further ordered that appellant recover its costs on appeal.

Angellotti, J., and Shaw, J., concurred.

Hearing in Bank denied.