[S. F. No. 9176. In Bank.—June 25, 1921.]

WILLIAM MILLER, etc., Respondent, v. ELLA M. MURPHY et al., Appellants.

[1] JUDGMENT — CONTRACT — MAINTENANCE OF SEPARATE ACTION. — A judgment is a contract upon which the parties may maintain a separate action between themselves.

[2] ID.—PROPER SUBJECT OF COUNTERCLAIM.—Under subdivision 2 of section 438 of the Code of Civil Procedure, an outstanding indebtedness evidenced by a judgment of a court of record in favor of the defendant and against the plaintiff is an appropriate ground of counterclaim.

[3] ID.—COUNTERCLAIM OF JOINT JUDGMENT.—A joint judgment cannot be pleaded as a setoff against one judgment debtor alone.

[4] ID.—JOINT AND SEVERAL JUDGMENT—RIGHT OF COUNTERCLAIM.— A joint and several judgment may be pleaded as a counterclaim

against one judgment debtor alone, if the defendant can bring a separate action to enforce the obligation against the plaintiff.

[5] CONVERSION—PLEADING—ACTION FOR VALUE.—When one's goods are wrongfully taken and used by another, he may waive the tort and sue in *assumpsit* for their value, as for goods sold and delivered.

[6] FINDINGS — OMISSION OF SERVICE — ABSENCE OF ERROR. — Where findings of fact and conclusions of law are directed to be prepared and served as required by the statute, the opposing party is entitled to service upon him of a copy before they are signed by the judge, but the omission is not error, in the absence of a claim or showing of prejudice.

APPEAL from a judgment of the Superior Court of Alameda County. Wm. S. Wells, Judge. Reversed.

The facts are stated in the opinion of the court.

Whitmore & Henion and Welles Whitmore for Appellants.

Daniel O'Connell for Respondent.

SLOANE, J.—This is an appeal by defendants from a judgment and decree of foreclosure in favor of plaintiff to enforce the terms of a written contract and lien.

Plaintiff's cause of action arose upon a written agreement, executed by defendants, whereby they jointly and severally contracted to repay to plaintiff money to be advanced by the latter for taxes accrued and accruing on certain parcels of land then in litigation between the parties, in the event that defendants should be adjudged the owners of the land, and creating a lien on the land as security for such advances.

That litigation resulted in defendants' favor, and this suit was brought to establish the amount of the claim and foreclose the lien.

The judgment was for $1,041.33 and costs. The land in question is described in the contract, pleadings, and findings as lots Nos. 17 and 19, in block No. 15 of "Daley's Scenic Park, Berkeley, Cal."; and "Lots 25 and 26, as said lots are delineated and so designated upon that certain map entitled, La Loma Park, Berkeley, Alameda Co., Cal."

The answer denied, for want of information or belief, the alleged payment of the taxes on this property and pleaded,

by way of setoff, three separate claims of defendants against the plaintiff in the respective amounts of $25.85, $56, and $419.30.

The first two of these were upon judgments in other actions for the recovery of costs against the plaintiff and in favor of one or the other of the defendants. The third claim was for money alleged to have been wrongfully collected by plaintiff from a tenant of defendants as rent of the premises, the ownership of which was then in controversy between the parties to this action and which was adjudged to be the property of defendants.

The trial court found for plaintiff for the sum of $996.37, the amount advanced for taxes, $67.21 interest, less $22.75, which was, by consent of plaintiff, allowed on the second item of setoff, leaving the balance in favor of plaintiff, for which judgment was given.

Excepting for the $22.25 consented to by plaintiff, all of defendants' items of setoff or counterclaim were rejected.

The appeal is presented on the judgment-roll and a bill of exceptions.

Appellants specify as prejudicial error: (1) The admission of certain tax receipts as evidence of payment of taxes by plaintiff upon this property, over the objection of defendants that it did not appear therefrom, and was not shown in evidence, that they applied to any of the property involved; (2) The refusal of the court to admit or consider evidence offered, or any evidence, of the judgment claims against plaintiff; (3) The refusal of the court to admit evidence offered, or any evidence, in support of the claim for rents belonging to defendants, and alleged to have been wrongfully collected by plaintiff from defendants' tenant; (4) Failure of compliance with the provisions of section 634 of the Code of Civil Procedure in the matter of serving copy of the findings before they were signed by the court.

The case comes to this court on rehearing from the district court of appeal, where the judgment of the trial court was affirmed. Hearing in this court was granted mainly because of error in ruling that judgments for the recovery of money in favor of a defendant against the plaintiff may not be pleaded as matter of counterclaim or setoff under sections 437 and 438 of the Code of Civil Procedure.

The defendant may plead in his answer any new matter constituting a defense or counterclaim (Code Civ. Proc., sec. 437); and in an action arising on contract the counterclaim may be (1) any claim existing between the parties between whom a several judgment might be had in the action, and (2) consisting of any other cause of action arising upon contract and existing at the commencement of the action (Code Civ. Proc., sec. 438).

[1] It is well settled in this state that a judgment is a contract upon which the parties may maintain a separate action between themselves. (*London G. & A. Co.* v. *Industrial Acc. Com.,* 181 Cal. 460, 465, [184 Pac. 864]; *Weaver* v. *San Francisco,* 146 Cal. 728, [81 Pac. 119]; *Bean* v. *Loryea,* 81 Cal. 153, [22 Pac. 513]; *McBride* v. *Fallon,* 65 Cal. 303, [4 Pac. 17]; *Wallace* v. *Eldredge,* 27 Cal. 499; *Reed* v. *Eldredge,* 27 Cal. 346.)

In *Reed* v. *Eldredge,* last cited, in an action brought upon a judgment, Rhodes, J., says: "The judgment upon which the action was brought was a contract for the payment of a sum of money, evidenced by the record of a court. The debt secured by it differs in no manner from a simple contract debt, though the evidence of the existence of the debt is of a higher and more solemn character than that by which a simple contract debt is proven."

[2] We are of the opinion that an outstanding indebtedness evidenced by a judgment of a court of record in favor of the defendant and against the plaintiff is an appropriate ground of counterclaim under subdivision 2 of section 438 of the Code of Civil Procedure.

Some question might be raised in this case as to the sufficiency of the showing in the bill of exceptions as to the contents and legal effect of the documentary evidence produced and offered by defendants in support of the judgments pleaded, as against the objection that the evidence offered was incompetent, irrelevant, and immaterial, but for the fact that it appears from the findings of the court that there was a refusal to consider these items of setoff in any way as constituting proper matter of counterclaim.

The first item set out by way of counterclaim in defendants' answer is a judgment in favor of defendants for costs against the plaintiff and others in proceedings instituted against the defendants in bankruptcy. The record of the

judgment in that proceeding was admitted in evidence here, but was apparently disregarded and the claim rejected as not being a proper matter of setoff.

Attention is called in respondent's brief to the fact that the judgment for costs was against other persons than the plaintiff, who are not parties in this action, although the effect of such condition is not argued.

[3] It may be presumed on the face of the record that this was a joint judgment and cannot, therefore, be pleaded as a setoff against one judgment debtor alone. (25 Am. & Eng. Ency. of Law, 521; *Atkins* v. *Churchill,* 19 Conn. 396; *Phelps* v. *Reeder,* 39 Ill. 172, 177.) [4] If it were shown to be joint and several, so that defendant could bring a separate action to enforce the obligation against the plaintiff, we see no reason why it could not be pleaded as a counterclaim. (Civ. Code, secs. 1430, 1431, 1660; Code Civ. Proc., secs. 414, 579; Black on Judgments, sec. 491; *Carson* v. *Moore,* 23 Tex. 451; *Patterson* v. *Walton,* 119 N. C. 500, [26 S. E. 451]; *Read* v. *Jeffries,* 16 Kan. 534.)

"The parties are deemed to be the same when those between whom the evidence is offered were on opposite sides in the former case, and a judgment or other determination could in that case have been made between them alone, although other parties were joined with both or either of them." (Code Civ. Proc., sec. 1910.)

On the second claim of the answer the trial court, by consent of plaintiff, allowed defendants a credit of $22.25, but as this item was upon a judgment for $56, defendants are entitled to relief for the court's refusal to consider the amount as a proper item of recoupment for the balance of the claim.

There is no force in the objection that the judgment is in favor of the defendant Ella M. Murphy alone. She has a right to setoff against her joint and several liability to plaintiff, and it satisfies the plaintiff's demand against both defendants to that extent.

The third item of counterclaim is ambiguously pleaded and it is difficult to determine whether the defendant seeks to recover for a tort, or on an implied contract for money belonging to the defendants, which the plaintiff had and received to his own use. Treating defendants' pleading as a waiver of the tort and a claim on the implied contract

to a refund of the money so received, we are of the opinion that the setoff may be allowed if the evidence supports it.

[5] It is well settled under the authorities that when one's goods are wrongfully taken and used by another, he may waive the tort and sue in *assumpsit* for their value, as for goods sold and delivered. (*Fratt* v. *Clark,* 12 Cal. 89; 2 Greenleaf on Evidence, sec. 108; *Roberts* v. *Evans,* 43 Cal. 380; *De La Guerra* v. *Newhall,* 55 Cal. 23; *Lehman* v. *Schmidt,* 87 Cal. 15, 20, [25 Pac. 161].)

There are other errors complained of and shown by the record which, although they might be disregarded as not appearing to have been prejudicial, should receive consideration in view of the necessity for a new trial.

The larger part of the amounts to be advanced for taxes by the plaintiff under the contract sued on were assessments upon the property described as "lots 25 and 26 as said lots are delineated upon that certain map entitled La Loma Park, Berkeley."

The only evidence in the record of payment of such assessments were tax receipts on "Lots 25 and 26 in Block 2242 of La Loma Park, Berkeley," showing an assessment to persons, strangers to the record, together with testimony of the plaintiff that he paid the taxes on this property in the sum demanded in his complaint. The witness at the time was shown the receipts in dispute.

There is no presumption or inference arising from these tax receipts, or plaintiff's testimony, justifying a conclusion than lots 25 and 26 of La Loma Park is the same property described as lots 25 and 26 of block 2242 of La Loma Park. If any presumption may be indulged in the matter it would more naturally be that there were at least some 2241 other blocks in La Loma Park containing lots numbered 25 and 26, as it is customary to make such subdivision with some regularity as to the number of lots in each block. The inference from the first description would be that these lots were independent parts of the subdivision of the whole tract, and not subdivisions of other subdivisions into blocks.

It is argued that the finding of the court on this point should be upheld on the ground that the bill of exceptions on its face shows that it does not include all the evidence taken on the trial.

There is nothing to indicate that there might have been other evidence on this issue. The bill of exceptions was settled and allowed as correct and, therefore, purports to be a full and true statement of the proceedings on the trial. There is appended to the certificate the statement that it is "subject to objections of plaintiff," whatever that may mean. There is nothing before us on this appeal to show any objections interposed to the sufficiency of the bill of exceptions, or any attempt to supply any omissions if such are claimed, by diminution of the record.

It might perhaps be assumed, in the absence of any averment to the contrary in the records or the briefs, that these tracts as thus variously described were identical. But, on the other hand, the burden was upon the plaintiff to show affirmatively that he had paid the taxes on the lots described in his contract, and if there was merely a discrepancy in these descriptions, it would have been a very easy matter, and was plaintiff's duty, upon objection to the relevancy of his tax receipts, to show that they referred to the property in controversy.

[6] Defendants also were entitled to service upon them of a copy of the findings before they were signed by the judge. It appears from the record that on the submission of the case the court directed the plaintiff to prepare and serve findings of fact and conclusions of law, as required by statute. The findings were not served. There is no claim or showing of prejudice to defendants from this omission, however, and, standing alone as an assignment of error, it would be disregarded. (*Baker* v. *Eilers*, 175 Cal. 656, [166 Pac. 1006]; *Jarvis* v. *Frey*, 175 Cal. 690, [166 Pac. 997]; Const., art VI, sec. 4½.)

On the other grounds heretofore stated the judgment is reversed.

Shaw, J., Olney, J., Lawlor, J., Wilbur, J., Angellotti, C. J., and Lennon, J., concurred.