[Civ. No. 5483. First Appellate District, Division One.—July 21, 1926.]

WILLIAM MILLER, by MARY MILLER, as Administratrix, etc., Respondent, v. HERMAN MURPHY et al., Appellants.

[1] PUBLIC RECORDS—MAPS OF SUBDIVISIONS OF LAND—RECORDATION—EVIDENCE.—The mere fact that a document is in a public office or in the custody of a public officer does not make it a public record; but a map of subdivisions of land, being a document relating to matters in which the public has an interest and for whose protection it is required by law to be filed, which is prepared, acknowledged, and filed in the office of the county recorder, in accordance with the act of 1893 (Stats. 1893, p. 96), constitutes a public writing, within the meaning of subdivision 2 of section 1888 of the Code of Civil Procedure, which every citizen has a right to inspect by virtue of section 4142 of the Political Code and section 1892 of the Code of Civil Procedure, and of which a copy, certified by the county recorder, is admissible with like effect as the original under section 1893 of the Code of Civil Procedure.

[2] ID.—TAXATION—ASSESSMENTS—DESCRIPTION OF PROPERTY.—Public records and tax receipts, offered to prove payment of taxes assessed against "lots 17 and 19 in block 15," as shown by a map of a subdivision filed in the office of the county recorder, which described the lots as "17 and 19 of block 15/2196," as shown by the assessor's block-book, are admissible where it is shown by the evidence that the figures "2196" were inserted in the block-book of the assessor for the more convenient conduct of his office and had no reference to the map on file in the office of the county recorder.

[3] EXECUTORS AND ADMINISTRATORS—ACTION TO ENFORCE LIEN—EVIDENCE — STATEMENTS NOT MADE IN PRESENCE OF DECEDENT. — In an action by an administratrix to foreclose a lien created by a contract for repayment of money advanced by her intestate for taxes, where the defendants sought by counterclaim to recover for rents received by plaintiff's intestate during his lifetime, testimony as to what the tenant stated as a reason for his refusal to pay rent was properly excluded as hearsay, in the absence of proof that such statements were made in the presence of the deceased or his representative.

[4] ID. — COUNTERCLAIM — EVIDENCE — FINDINGS. — In such action, no competent evidence having been adduced of the receipt by the

1. See 22 Cal. Jur. 574.

intestate, his representative or his assignee, of any part of the rents, the finding of the trial court against the allegations of the counterclaim was proper.

[5] ASSUMPSIT — ACTION AGAINST TORT-FEASOR — PLEADING. — To recover in *assumpsit* against a tort-feasor, it must appear that he has received a benefit from the wrongful act, and that such benefit was taken from the plaintiff.

[6] PLEADING — AMENDMENTS—SET-OFF—DISCRETION—APPEAL.—Where more than two years elapsed between the determination of an appeal and the second trial of the action, the trial court did not abuse its discretion in denying a motion for leave to file a supplemental answer and plead as a set-off a judgment for costs entered before the cause was remanded and in the absence of a showing of abuse of discretion the action of the court in denying the motion will not be disturbed on appeal.

[7] EXECUTORS AND ADMINISTRATORS — CAUSES OF ACTION — ASSIGNMENTS—EVIDENCE.—Where there is no evidence of the authority of an administratrix to assign a cause of action, her purported assignment thereof does not transfer to the assignee the interest of the estate in the cause of action.

[8] ATTORNEY AT LAW—APPEARANCE—EVIDENCE—PRESUMPTIONS. — In the absence of evidence to the contrary, a duly licensed attorney at law is presumed to have authority to appear for any person for whom he professes to act.

---

(1) 22 C. J., p. 821, n. 88; 34 Cyc., p. 586, n. 3, p. 593, n. 5. (2) 22 C. J., p. 804, n. 35.   (3) 22 C. J., p. 199, n. 36.   (4) 24 C. J., p. 755, n. 40 New.  (5) 5 C. J., p. 1390, n. 96 New.  (6) 4 C. J., p. 802, n. 66, p. 1227, n. 55; 31 Cyc., p. 509, n. 11.  (7) 24 C. J., p. 63, n. 7.   (8) 6 C. J., p. 631, n. 76.

APPEAL from a judgment of the Superior Court of Alameda County. Lincoln S. Church, Judge. Affirmed.

The facts are stated in the opinion of the court.

Welles Whitmore and Hayes, Oliphant & Dukette for Appellants.

John C. Quinlan for Respondent.

---

5.  See 2 R. C. L. 755.
6.  See 21 Cal. Jur. 170.
8.  See 3 Cal. Jur. 4; 2 R. C. L. 325.

CASHIN, J.—An appeal from a judgment foreclosing a lien created by a contract providing for the repayment to William Miller, respondent's intestate, of sums to be advanced by him for the payment of taxes upon two parcels of land the title to which was in litigation, it being agreed that such repayment should be made by appellants in the event the latter should be adjudged the owners thereof.

The litigation having resulted in favor of appellants, this action was brought to establish the amounts paid, and to foreclose the lien upon the two parcels mentioned. The appeal is presented on the judgment-roll with a bill of exceptions.

A previous trial of the action resulted in a judgment which was reversed on appeal, in the case of *Miller* v. *Murphy et al.*, 186 Cal. 344 [199 Pac. 525]. The contract, which was dated July 5, 1917, recited that the property thereinafter described had been sold on July 5, 1912, for delinquent taxes of the city of Berkeley in the county of Alameda for the fiscal year 1911–12, and that all subsequent city taxes levied thereon were unpaid and had become delinquent, the property referred to being therein described as "those lots of land situate in the city of Berkeley, county of Alameda, state of California, described as follows, to-wit, lots 17 and 19 in block No. 15 as said lots and block are delineated and so designated upon that certain map entitled 'Daley's Scenic Park, Berkeley, Cal.,' filed August 26, 1889, in the office of the county recorder of said county of Alameda, and lots 25 and 26 as said lots are delineated and so designated upon that certain map entitled 'La Loma Park, Berkeley, Alameda county, Cal.,' filed November 12, 1900, in the office of the county recorder of said county of Alameda."

It was found by the trial court that the intestate paid to the city treasurer and tax collector of the city of Berkeley the sum of $996.87 for the redemption of the identical property described in the contract; that the property was thereby redeemed and that the contract was fully performed. From this sum were deducted the amounts of two of the three counterclaims pleaded by appellants, and judgment for the difference with interest was entered in the sum of $1,345.21.

Appellants specify as error the admission over objection of certain tax receipts as evidence that the payments made

by deceased applied to the taxes assessed against the property described, and the admission of other evidence, oral and documentary, for the same purpose; the refusal of the court at the trial to permit appellants by amendment to their answer to plead and prove as a fourth counterclaim a judgment for costs entered in another action subsequent to the filing of the complaint and answer in the instant case; and the conclusion of the court that an attorney who participated in the proceedings at the trial was authorized to appear and act for respondent.

The fact that the deceased made the payments to the city treasurer and tax collector of the city of Berkeley in the amount found by the court is fully supported by his testimony given on the first trial of the action, which testimony was read at the subsequent hearing. One of the grounds upon which the original judgment was reversed on appeal was the fact that it appeared from the tax receipt, offered in evidence to prove that lots 25 and 26 of La Loma Park had been redeemed from the tax sale referred to in the contract, that the property therein mentioned was described as lots 25 and 26 of block 2242 of La Loma Park, and no other evidence having been offered at the first trial of the identity of the latter parcels with those described in the contract it was held that the evidence was insufficient to support the burden which rested upon plaintiff of showing that the tax receipt referred to the property in controversy. At the second trial plaintiff undertook to establish the fact by testimony of public officers in connection with certain public records. A map, certified by the county recorder of the county of Alameda to be a full, true, and correct copy of the original map of "La Loma Park, Berkeley, Alameda county, California," on file in his office, was admitted in evidence over the objection of appellants that the copy was not the best evidence. This document, a photographic copy of which is attached to the transcript, shows that the original map, as recited in the contract, was filed in that office on November 12, 1900, and conformed to the requirements of the act of 1893 (Stats. 1893, p. 96) providing for the filing in the office of the county recorder of the county in which the subdivision is situated of all maps of subdivisions of land into lots for purposes of sale. Section 132 of the County

Government Act of 1897 (Stats. 1897, p. 452), which applied to the office mentioned at the time the map was filed, provided that "all books of record, maps, charts, surveys and other papers on file in the recorder's office must during office hours be open for inspection by any person without charge, and the recorder must arrange the books of record and indices in his office in such suitable places as to facilitate their inspection." This section was re-enacted in 1907 (Stats. 1907, p. 395) as section 4142 of the Political Code. [1] While the mere fact that a document is in a public office or in the custody of a public officer does not make it a public record; where, as here, the document relates to matters in which the public at large or the community may have an interest, and for whose protection the law requires it to be filed, a map prepared, acknowledged, and filed in accordance with the act mentioned, may reasonably be held to constitute a public writing within the meaning of subdivision 2 of section 1888 of the Code of Civil Procedure (*Colton L. & W. Co.* v. *Swartz,* 99 Cal. 278, 285 [33 Pac. 878]), which every citizen has a right to inspect (Pol. Code, sec. 4142; Code Civ. Proc., sec. 1892), and of which a copy certified by the county recorder is admissible with like effect as the original (Code Civ. Proc., sec. 1893).

It appears from this map that La Loma Park is not divided into blocks, but consists of certain lots designated thereon by number from 1 to 27, inclusive; and that the number 2242 appearing in the tax receipt mentioned as a block number is not shown thereon. The meaning and purpose of this number in the tax receipt was clearly shown by the testimony of the city assessor of the city of Berkeley, who produced what is known as the block-book used by that officer in making assessments upon land within the municipality, upon a page of which appeared a copy or tracing of a portion of the map of La Loma Park mentioned above, the lots here in question being shown thereon. Upon the margin of the copy or tracing mentioned appeared the figures 2242, which, as testified by the officer, was a number used to locate the map in the book mentioned, the block designated by that number in the tax receipt referring to the assessor's block-book, and not to a block so numbered on the map of La Loma Park.

It was further shown by the testimony of the city treasurer of the city of Berkeley and from the original records of that office, which were produced and read at the trial, that the amounts assessed against the lots last mentioned, and two lots numbered 17 and 19 of Daley's Scenic Park, from the year 1911 to 1915, inclusive, with the accrued penalties, had been paid; in addition to which testimony tax receipts of the municipality for the year 1916, acknowledging payment of taxes upon the same parcels, were introduced in evidence. The description of the lots in the latter tract contained in the public record and tax receipts mentioned was as follows: "Description of real estate.   Lots 17 and 19, block 15/2196."

[2]   It is urged in this connection by appellants that the record and receipts referred to a block numbered "15/2196," and should be so construed; that this evidence was irrelevant and insufficient to prove the payment of taxes assessed against lots, in block 15, and that an objection to its admission should have been sustained.

While the map of the latter tract was not introduced, and no direct evidence on the point was offered, the evidence adduced for the purpose of showing payment of the taxes assessed against the La Loma Park property sufficiently shows that for the more convenient conduct of the offices concerned with the assessment and collection of taxes a block number was inserted in the records of assessments and tax receipts corresponding to the map number in the block-book of the assessor, which had no reference to the map of the tract assessed on file in the office of the county recorder. This evidence, taken in connection with the form in which the description quoted appears, fairly supports the conclusion that the figures 2196 refer to the block-book and not to the original map, and sustains the construction placed thereon by the trial court.

By their third counterclaim appellants sought to recover the sum of $419.30 upon the following facts: While title to the property described was in litigation a portion thereof was occupied by a tenant holding under appellant Ella M. Murphy at a monthly rental of $40. Deceased, who asserted title thereto, assigned his claim to the rent to one Kelly, who brought suit therefor against the tenant and recovered judgment in the sum of $400 with costs. It was alleged that the judgment had been paid to deceased, and appellant thereby

deprived of the rents in the amount so recovered. The judgment-roll in that action having been admitted in evidence, appellant Herman Murphy testified that neither he nor his wife had received the rents mentioned; and the witness was then asked whether the tenant had stated any reason for his refusal to pay. The court sustained an objection to the question, and its ruling is assigned as error.

The court in passing upon the sufficiency of this counterclaim in *Miller* v. *Murphy, supra,* said: "The third item of counter-claim is ambiguously pleaded, and it is difficult to determine whether defendant seeks to recover for a tort or on an implied contract for money belonging to defendant which plaintiff had received to his own use. Treating defendant's pleading as a waiver of the tort and a claim on the implied contract to a refund of the money so received, we are of the opinion that the set-off may be allowed if the evidence supports it." The purpose of the question was to prove statements from the tenant from which the conclusion might be drawn that the rents or the amount of the judgment therefor had been received by the deceased or his assignee. [3] In the absence of proof or an offer to prove that such statements were made in the presence of the deceased or his representative, the testimony sought to be elicited from the witness was hearsay, and the objection on the ground of its incompetency was properly sustained. [4] It not being contended that appellants' rights against the tenants were concluded by the judgment obtained by Kelly, and no competent evidence having been adduced of the receipt by the intestate, his representative or his assignee, of any part of the rents mentioned, the finding against the allegations of the counterclaim was proper. [5] To recover in *assumpsit* against a tort-feasor it must appear that he has received a benefit from the wrongful act (*Minor* v. *Baldridge,* 123 Cal. 187 [55 Pac. 783]), and that such benefit was taken from the plaintiff (Woodward Quasi-Contracts, secs. 272, 274).

[6] During the course of the trial appellants moved for leave to file a supplemental answer and plead as a set-off a certain judgment for costs entered in the superior court of the city and county of San Francisco on April 18, 1919, in favor of appellants and against the deceased, which motion was denied.

More than two years appear to have elapsed between the determination of the appeal mentioned and the second trial of the action, which afforded ample opportunity for such amendments as were made proper by existing facts; and where, as here, the discretion of the court is not shown to have been abused, its action in denying the motion will not be disturbed (*Trower* v. *City and County of San Francisco*, 157 Cal. 762 [109 Pac. 617]; *Maltby* v. *Conklin*, 50 Cal. App. 201, 208 [195 Pac. 280]; *Slankard* v. *Wagnon*, 181 Cal. 135 [183 Pac. 562]).

[7]  Some months before the second trial an instrument was executed by Anna M. O'Connell, a daughter of the intestate, and by Mary Miller, his administratrix, the latter having theretofore been substituted as plaintiff in the action, purporting to assign all their right, title, and interest in the cause of action to Daniel O'Connell, the attorney of record in the case. This instrument was filed therein by the latter, with a written notice of his election to prosecute the action in the name of the plaintiffs, and appointing William F. Cleary, Esq., as his attorney. Subsequently notices of motion to set the cause for trial and of the date fixed therefor were served upon appellants by the attorney last named, the notices being signed by him as "attorney for the plaintiffs and assignee." While the purported assignment was admitted in evidence without objection, no evidence of the authority of the administratrix to execute the instrument having been offered, the court properly held it to be insufficient to transfer to O'Connell the interest of the estate in the cause of action; that the administratrix was the real party in interest, and its judgment was entered accordingly.

[8]  It is admitted that the attorney named as assignee and who represented the original plaintiff at the first trial of the action was subsequently disbarred; and it was urged by appellants that the administratrix had not authorized the further prosecution of the action, or attorney Cleary to represent her. No evidence on this question was presented by appellants, and no direct evidence of authority to represent the administratrix appears from the record. It is not contended, however, that Mr. Cleary was not a duly licensed attorney, and, therefore, presumed, in the absence of evidence to the contrary, to have authority to

appear for any person for whom he professed to act (*Turner* v. *Carruthers*, 17 Cal. 431; *People* v. *Mariposa Co.*, 39 Cal. 683). This presumption is sufficient to support the conclusion of the trial court shown by its decision and judgment that the administratrix was represented by this attorney in the proceedings.

Other rulings assigned as error have been considered, none of which, however, if erroneous, can reasonably be held to have been prejudicial; and it appearing that the findings are fully sustained by the evidence, the judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.