[Civ. No. 22618.   Second Dist., Div. Two.   Jan. 29, 1958.]

GENEVA GOODHEW, Petitioner, v. INDUSTRIAL ACCI-
DENT COMMISSION etc., et al., Respondents.

Clopton & Penny, Buchalter, Nemer & Fields, Mort L. Clopton and Robert M. Penny for Petitioner.

Everett A. Corten, Edward A. Sarkisian and Felix H. McGinnis for Respondents.

RICHARDS, J. pro tem.*—Petitioner, Geneva Goodhew, widow of the deceased employee, James H. Goodhew, Jr., who was president of the respondent-employer, Goodhew Ambulance Service, Inc., seeks annulment of that part of a

*Assigned by Chairman of Judicial Council.

decision after reconsideration made by the respondent Industrial Accident Commission which denied her the increased compensation provided by Labor Code, section 4554, recoverable upon an employer's wilful failure to secure payment of compensation by insurance or otherwise.

James H. Goodhew, Jr., the deceased, died on August 20, 1955, as the result of an automobile accident and the respondent commission found that the injury proximately causing his death arose out of and occurred in the course of his employment and ordered payment of the normal death benefits by the employer to the widow and minor child. The commission also found that at the time of the injury, the employer was uninsured as to the decedent, but not wilfully so, and that both the employer and employee were subject to the provisions of the workmen's compensation laws.

The question presented in this proceeding is whether the commission's conclusional finding and determination on reconsideration that the employer was not "wilfully" uninsured and therefore not liable for increased compensation pursuant to the provisions of section 4554, are based upon a tenable concept of the law.

Labor Code, section 4554, in pertinent part, provides as follows: "In case of the wilful failure by an employer to secure the payment of compensation, the amount of compensation otherwise recoverable for injury or death as provided in this division shall be increased ten per cent . . . Failure of the employer to secure the payment of compensation . . . is prima facie evidence of wilfulness on his part."

The only evidence relating to the matter of compensation coverage and bearing on the question of the wilfulness of the employer in failing to provide coverage as to its officers was uncontradicted and is substantially as follows: The employer had originally arranged through an insurance broker some four or five years previously for workmen's compensation insurance coverage; said coverage so arranged for had been kept in effect since that time by annual renewals of the policy; at the time the coverage was originally arranged, the broker discussed with the decedent, who was president of Goodhew Ambulance Service, Inc., and Mr. W. I. Goodhew, its secretary, the matter of compensation coverage for the corporate officers; the broker explained to the decedent and to Mr. W. I. Goodhew that the law required coverage on all employees, including the corporate officers, but that coverage excluding the corporate officers would be less expensive and

that an endorsement could be placed on the policy excluding such corporate officers; the decedent thereupon instructed the broker to provide a policy excluding compensation coverage on the corporate officers.

Whereas we recognize that the commission's findings of fact and conclusions on questions of fact are conclusive and not subject to review (Lab. Code, § 5953) nevertheless "[w]hether in any given case [wilful failure by an employer to secure the payment of compensation] is shown, inherently presents questions of both fact and law. Insofar as the issues may relate to the credibility of witnesses, the persuasiveness or weight of the evidence and the resolving of conflicting inferences, the questions are of fact. But as to what minimum factual elements must be proven in order to constitute [wilful failure to insure], and the sufficiency of the evidence to that end, the questions are of law." (*Mercer-Fraser Co.* v. *Industrial Acc. Com.*, 40 Cal.2d 102, 115 [251 P.2d 955].)

As previously indicated, the facts herein are not in dispute and show not only that the employer was uninsured as to its corporate officers (constituting prima facie evidence of wilfulness in failing to secure the payment of compensation as provided in § 4554), but also that, although informed that the law required compensation coverage on all employees including its corporate officers, the said employer deliberately instructed the broker to exclude such corporate officers from the coverage of the compensation policy. The only inference which can be reasonably drawn from this evidence is that the employer knowingly and intentionally failed to secure the payment of compensation to cover its corporate officers in order to effect a saving in the premiums on the compensation policy; and that, as the trial referee succinctly expressed it in his report: "The testimony . . . shows that the failure to carry such insurance was a deliberate act of the defendant company based upon a decision of the company's officers after being fully informed by said broker."

In its report on the order granting reconsideration and denying the petitioner compensation under section 4554, the commission stated: "It is apparent that any wilfulness on the part of the defendant company must be found in the intent of the decedent and the other officer who was present at the time of the said conversation. The question is whether these officers had such knowledge of the facts and law that will cause us to conclude that they wilfully intended to submit

their company to possible prosecution for a misdemeanor (Labor Code, § 3710.2), whether they intended to subject it to actions at law to be brought by themselves, other officers or the dependents of themselves or any such officers (Labor Code, §§ 3706 et seq.) and subject it to the penalty assessed here under Labor Code, section 4554. Weighing this question against the presumption we think it is much more reasonable to assume that there was no guilty intent on the part of the officers (and, therefore, none to be imputed to the employer) and that it is much more reasonable to assume that, while they recognized the advisibility [sic] of insurance coverage for the general personnel of the company, they did not recognize that the law required that they include themselves, if they were employees, under the protective cover of the insurance policy or thereby subject their company to these various penalties (which might later be of direct benefit to them or their dependents)."

█ It is evident from the foregoing that the commission predicated its findings that the employer's failure to secure the payment of compensation was not wilful upon a concept that a guilty intent on the part of the employer to suffer and incur the penalties provided by law must be shown in order to establish "wilful failure" on the part of the employer in not securing the payment of compensation. Section 4554, however, only requires that the failure to secure the payment of compensation be "wilful" and specifies in addition that failure to secure the payment of compensation is "prima facie evidence of wilfulness." Said section nowhere requires that there be shown any criminal intent or intent to incur the penalties imposed by law in order for said section to apply. The word "wilful" is used in different statutes with various shades of meaning. (*Alden* v. *Mayfield,* 33 Cal.App. 724, 727 [166 P. 382].) █ In the absence of a statutory definition, and there is none, or in the absence of an adjudicated definition, and we have found none, we must turn to the general principle that in the construction of a statute, words or phrases are construed according to the context and approved usage of language. (Civ. Code, § 13; Code Civ Proc., § 16; *Weaver* v. *San Francisco,* 146 Cal. 728, 733 [81 P. 119].) █ Because section 4554 imposes a penalty on a noninsured employer it is reasonable to assume that the Legislature did not intend that such penalty be so imposed upon an employer who failed to secure payment of compensation merely through ignorance or inadvertence, but on the other hand, did intend

that such penalty be imposed in case the failure was conscious, intentional and deliberate. However, we do not believe it was the intent of the Legislature in enacting this section to require an employee to establish that his employer's failure to secure compensation was motivated by a quasi-criminal or malevolent purpose in order to receive the benefits thereof. No authority has been found construing the term ''wilful'' as used in this section, but by way of analogy we find that Labor Code, section 203, imposes a penalty on an employer who ''wilfully fails to pay'' wages when due. In determining the meaning of the term ''wilful'' as used in section 203 the court says, in *Davis* v. *Morris*, 37 Cal.App.2d 269, at page 274 [99 P.2d 345] : ''The term 'wilful,' as it is used in section 203 of the Labor Code, does not mean that the refusal to pay wages must necessarily be based on a deliberate evil purpose to defraud workmen of wages which the employer knows to be due, in order to subject him to the penalty. In the case of *May* v. *New York Motion Picture Corp.*, 45 Cal.App. 396, 404 [187 P. 785], it was held that the term 'wilful' in its ordinary use, merely means that one intentionally fails or refuses to perform an act which is required to be done. It is said in that regard: 'In civil cases the word ''wilful'' as ordinarily used in courts of law, does not necessarily imply anything blameable, or any malice or wrong toward the other party, or perverseness or moral delinquency, but merely that the thing done or omitted to be done, was done or omitted intentionally. It amounts to nothing more than this: That the person knows what he is doing, intends to do what he is doing, and is a free agent.' '' We see no reason to ascribe a different meaning to the same term as used in section 4554. It is apparent that the respondent commission erred in failing to distinguish between an intentional and deliberate decision not to secure the payment of compensation for corporate officers and an intent or decision to incur the penalties arising from a failure to secure such payment. Since the uncontraverted evidence showed that the employer intentionally and deliberately failed to secure coverage as to its corporate officers although it had knowledge that such coverage was required by law, we conclude that an award of the increased compensation is compelled under the provisions of section 4554.

The respondent commission makes the additional contention, unsupported by the citation of any authority, that

in the instant matter the widow should not be permitted to claim the increased compensation allowable for failure to insure the corporate officers by reason of the fact that it was her deceased husband's own deliberate action on behalf of the corporation which excluded himself from compensation coverage. The statute makes no exceptions as to the persons entitled to an additional award thereunder and we conclude, therefore, that the exclusion of the corporate officer who makes the determination not to insure cannot be read into the section as contended for by the commission.

Finally, it is contended that the petitioner should not be permitted to benefit by the wrong of her deceased husband in wilfully failing to secure compensation coverage on himself. We are unable to ascertain any moral obloquy in decedent's determination on behalf of the corporation to exclude himself and other corporate officers from coverage. Apparently, it was a deliberate and calculated decision, motivated by a desire for economic savings but manifestly was not a wrong which would bring into play the maxim: "No one may take advantage of his own wrong."

So much of the respondent commission's order as denies the petitioner the compensation allowable under Labor Code, section 4554, is annulled, and the matter is remanded to the commission for further proceedings not inconsistent herewith.

Fox, Acting P. J., and Ashburn, J., concurred.