No. 2,126.

THE PEOPLE OF THE STATE OF CALIFORNIA, Respondent, *v.* MAR-
IPOSA COMPANY and MARIPOSAS ESTATE, Appellants.

Attorney.—Authority to Appear.—An attorney's license is *prima facie* evi-
dence of his authority to appear for any person whom he professes to repre-
sent.

Idem.—He may be compelled by the Court to show his authority to appear, either
at the instance of the party for whom he appears or of the opposite party.

Idem.—When the opposite party questions the authority of an attorney he must
state facts tending to show, or the grounds and reasons which induced him to
believe, that the attorney had no authority to appear.

Idem.—The affidavit of an attorney which states that he is informed and believes
that the attorney who represents the opposite party is not authorized to appear,
is insufficient to show the want of authority in the attorney.

Appeal from the District Court of the Thirteenth District,
Mariposa County.

This is an action for taxes.  A judgment was rendered
by default, and the appeal is from an order dismissing a
motion to set the judgment aside.

The motion to dismiss was based on an affidavit of the
attorney for the plaintiffs, stating that he was informed and
believed that the attorney representing the defendants had
no authority to appear for them.  In answer to the affidavit
the attorney produced a license from this Court allowing
him to practice as an attorney and counsellor at law, but
produced no other evidence of his authority to appear for
defendants.

*Wilson & Crittenden*, for Appellants.

We admit the power of the Court to require the attorney
to produce his authority.  His license, however, was *prima
facie* sufficient, and there was nothing in the affidavit to
justify the Court in going beyond it.  In *Standifer* v. *Dowlin*,
(Hemps. 209), an affidavit was made substantially the same
as the affidavit here.  This, in our judgment, was not suffi-
cient.  He should have stated to the Court the ground upon
which his belief was founded, and the reasons which induced
him to apprehend that no authority existed for prosecuting
the suit.  He would then have enabled the Court to form a

correct judgment whether the rule ought or ought not to be granted.

The principle to be acted upon in such cases is well stated in *McKiernan* v. *Patrick* (4 How. Miss. 333.)

*Jo Hamilton*, Attorney General, and *J. B. Campbell*, for Respondents.

*Hall & Montgomery*, of Counsel.

The measure of evidence on which the Court shall exact a showing of the attorney's authority, must rest in the sound discretion of the Court, to be determined by the surroundings of each case ; and wherever the case is a proper one, or wherever "*justice requires it,*" as was held in *McKiernan* v. *Patrick* (4 How. Miss. 333), cited approvingly by this Court in *Clark* v. *Willett* (35 Cal. 540), the authority must be shown. (*The Ninety-nine Plaintiffs* v. *Vanderbilt*, 1 Abbott's Pr. 193; 4 Duer, 632; 1 Parsons on Contracts, 4th ed, p. 97, and authorities cited in note *h.*)

The rule is not a harsh one, and in most instances will admit of easy compliance.   There is nothing which rendered its operation in this case, so far as the record informs us, at all *inconvenient;* yet there was no response, even by means of a *counter affidavit, alleging the authority*, or an application for time in order that the evidence of its existence could be procured.   The course of the attorney, under the circumstances, was such as, when considered in connection with the affidavit of the State's attorney, and the then condition of the record in the case, to fully justify the Judge in finding the fact that the attorney *was acting without authority.*

RHODES, C. J., delivered the opinion of the Court, WALLACE, J., SPRAGUE, J., and TEMPLE, J., concurring.

This is an action for the recovery of taxes assessed on the Mariposa estate, for the year 1865.   It was held by this Court in *Clark* v. *Willett* (35 Cal. 540), that "an attorney's license was *prima facie* evidence of his authority to appear for any person whom he professes to represent;" and that position is abundantly sustained by the authorities.   He

may, however, be compelled by the Court to show his authority to appear for such party ; and this may be required of him at the instance of the opposite party as well as of the party for whom he appears. In order to invoke the exercise of such power, the opposite party, when he questions the authority of the attorney, must state facts showing, or tending to show, that the attorney did not possess the authority which he exercised. He must state such facts, or, as some of the cases hold, the grounds and reasons which induced him to believe, that the attorney had no authority to appear ; otherwise the *prima facie* evidence first mentioned — the presumptions arising from his license, and the fact of his appearance — will prevail. (*McKiernan* v. *Patrick*, 4 How. Miss. 333; *Ninety-nine Plaintiffs* v. *Vanderbilt*, 1 A. Pr. R. 193; 1 Pars. on Cont. 97.)

The affidavit of the District Attorney only states, that he is informed and believes that the attorney, who represented the defendants on the motion to vacate the judgment, was not authorized to appear for them. There is nothing in the record to help out the affidavit. It will not be presumed, from the fact that the judgment in the action was entered by default, and on an amended complaint, that the defendants in the action were represented by any attorney.

It would be improper, on this appeal, to consider the merits of the motion to vacate the judgment, for the reason that the Court below has not decided it.

Order dismissing the motion reversed, and cause remanded.

CROCKETT, J., expressed no opinion.