[No. E002161. Fourth Dist., Div. Two. Dec. 30, 1985.]

L. CHARISSE McGEE, Petitioner, v.
THE SUPERIOR COURT OF RIVERSIDE COUNTY, Respondent;
BYRON PEDERSEN et al., Real Parties in Interest.

**COUNSEL**

June McGee for Petitioner.

No appearance for Respondent.

Thompson & Colegate and Sharon J. Waters for Real Parties in Interest.

**OPINION**

**KAUFMAN, J.**—Petitioner L. Charisse McGee, who is the plaintiff in the underlying action, seeks by this writ proceeding to compel the Riverside Superior Court to disqualify and remove Thompson & Colegate as attorneys for Byron Pedersen, the defendant in the underlying action.

*Facts*

On March 1, 1983, petitioner L. Charisse McGee was injured in an automobile accident in Riverside County. She was a passenger in her own car which was being driven with her permission by real party in interest Byron H. Pedersen (Pedersen).

Petitioner retained her mother, June McGee, as counsel and on September 22, 1983, petitioner filed a complaint for damages against the County of Riverside (County) alleging negligent maintenance of the road and failure to post warning signs. On October 25, 1983, County filed a cross-complaint against Pedersen for implied indemnity. However, the cross-complaint was not served on Pedersen until February 26, 1984. On February 29, 1984, through her counsel June McGee, petitioner filed a separate action against Pedersen, claiming his negligence also caused the accident.

Early in March 1984, Pedersen was taken to the law offices of David Silverton by petitioner's counsel and Pedersen hired Silverton to defend him against County's cross-complaint.[1] The cost of Pedersen's representation by Silverton, however, was and is being borne by petitioner's insurer, Automobile Club of Southern California (Auto Club), subject to a reservation of rights based on a claim that coverage is excluded under the resident relative exclusion in petitioner's policy.

Auto Club retained the law firm of Thompson & Colegate to defend Pedersen in the separate action filed against him by petitioner. The cost of that representation is also being borne by Auto Club and that defense too is being provided subject to the same reservation of rights, noncoverage based on the resident-relative exclusion in petitioner's policy.

On March 29, 1985, petitioner filed and served a motion to disqualify Thompson & Colegate from further representation of Pedersen in the separate action. Petitioner asserted the existence of a conflict of interest between Pedersen and Thompson & Colegate. Citing *San Diego Navy Federal Credit Union* v. *Cumis Ins. Society, Inc.* (1984) 162 Cal.App.3d 358 [208 Cal.Rptr. 494], petitioner urged that a conflict exists between an insurer and its insured whenever the insurer provides counsel but reserves it right to assert noncoverage at a later date. Petitioner contended that Auto Club forced Thompson & Colegate on Pedersen, that he had not given an informed consent to its representation of him, and that Thompson & Colegate therefore lacked authority to represent Pedersen in the action.

On April 8, 1985, Thompson & Colegate filed a motion for dismissal of petitioner's complaint and requested the court to initiate disciplinary action against June McGee, alleging she had entered into an attorney-client relationship with Pedersen prior to instituting the present lawsuit against him on behalf of petitioner.

---

[1] We are told that Mr. Silverton's firm has also filed a separate action on behalf of Pedersen against the County of Riverside.

On June 6, 1985, respondent superior court issued an order denying petitioner's motion to disqualify Thompson & Colegate as Pedersen's attorney and also denying the motion to disqualify June McGee as petitioner's attorney in the action. In respect to Thompson & Colegate the court perceived no conflict of interest between the law firm and Pedersen. As to June McGee the court felt that in reality no attorney-client relationship had been established between her and Pedersen. Nevertheless, the court ordered that June McGee and petitioner were prohibited from utilizing against Pedersen any information obtained from him by June McGee during their conversations.

Petitioner sought mandate in this court to compel the respondent superior court to order Thompson & Colegate disqualified as Pedersen's attorney. We issued an alternative writ. After more fully reviewing the matter we have concluded that petitioner has no beneficial interest in the issuance of a writ of mandate and that in any event she has failed to establish any conflict of interest on the part of Thompson & Colegate disqualifying it from acting as Pedersen's attorney.

*Discussion*

To facilitate presentation we discuss first the insufficiency of the showing made by petitioner in the court below.

First, petitioner presented nothing whatever showing that representation by Thompson & Colegate was forced upon Pedersen. It is agreed that Thompson & Colegate was retained on Pedersen's behalf by Auto Club, but in view of petitioner's allegation that Pedersen was driving petitioner's automobile with her permission, Auto Club had both the right and duty to do that unless it flatly asserted noncoverage and refused to provide the defense. Thompson & Colegate purported to represent Pedersen and filed an answer on his behalf. In the absence of a contrary showing, it is presumed that an attorney who enters an appearance on behalf of a party in litigation is authorized to do so. (*People* v. *Mariposa Co.* (1870) 39 Cal. 683, 684; *Clark* v. *Willett* (1868) 35 Cal. 534, 540; *Wilson* v. *Barry* (1951) 102 Cal.App.2d 778, 780 [228 P.2d 331].) The presumption is rebuttable (*ibid.*) but there is nothing in the record to rebut the presumption.

Although petitioner's counsel had considerable contact with Pedersen, there is notably absent any declaration from him denying the authority of Thompson & Colegate to appear on his behalf, or, indeed, complaining in any respect about the representation being afforded him by Thompson & Colegate. On the contrary, in a declaration under penalty of perjury executed at Riverside, California, on May 17, 1985, Pedersen declared, in

relevant part: "I have never said that the law offices of THOMPSON & COLE-GATE could not represent me in this case."

By the same token, the record before us is devoid of any evidence that Pedersen did not give informed consent to representation by Thompson & Colegate. Thus, even if a conflict were present such as the court found in *San Diego Navy Federal Credit Union* v. *Cumis Ins. Society, Inc., supra,* 162 Cal.App.3d 358, petitioner did not establish in the court below any basis for compelling Thompson & Colegate's withdrawal as Pedersen's attorney. Moreover, petitioner is mistaken that Thompson & Colegate's representation of Pedersen in this case presents a *Cumis*-type conflict of interest because of Auto Club's reservation of rights.

Purporting to find support in the *Cumis* decision, petitioner asserts that whenever an insurer proposes to provide a defense under a reservation of rights based on noncoverage, there is a conflict of interest between the insurer and the insured which gives counsel selected and paid by the insurer to represent the insured a conflict of interest disqualifying him or her from representing the insured. Taken out of context, there is some language in the rather wordy *Cumis* opinion that might be so understood. However, that is not the holding of the *Cumis* decision. Nor could it be. ■ The holding of a decision is limited by the facts of the case being decided, notwithstanding the use of overly broad language by the court in stating the issue before it or its holding or in its reasoning. (*Hart* v. *Burnett* (1860) 15 Cal. 530, 598-599; *Achen* v. *Pepsi-Cola Bottling Co.* (1951) 105 Cal.App.2d 113, 124-125 [233 P.2d 74]; see 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, §§ 783, 784, pp. 753-756.)

■ The crucial fact in *Cumis,* as the court took pains to point out and explain several times, was that the insurer's reservation of rights on the ground of noncoverage was based on the nature of the insured's conduct, which as developed at trial would affect the determination as to coverage.

As the court explained: "In the usual tripartite relationship existing between insurer, insured and counsel, there is a single, common interest shared among them. Dual representation by counsel is beneficial since the shared goal of minimizing or eliminating liability to a third party is the same. A different situation is presented, however, *when some or all of the allegations in the complaint do not fall within the scope of coverage under the policy.* . . . In this situation, there may be little commonality of interest. [Fn. omitted.] Opposing poles of interest are represented on the one hand in the insurer's desire to establish in the third party suit the insured's 'liability rested on intentional conduct' [citation omitted], and thus no coverage under the policy, and on the other hand in the insured's desire to 'obtain a

ruling . . . such liability emanated from the nonintentional conduct within his insurance coverage' [citation omitted]. . . . [¶] *Here, it is uncontested the basis for liability, if any, might rest on conduct excluded by the terms of the insurance policy.* Goebel & Monaghan will have to make certain decisions at the trial of the Eisenmann action which may either benefit or harm the insureds. For example, it will have to seek or oppose special verdicts, the answers to which may benefit the insureds by finding nonexcluded conduct and harm either Cumis' position on coverage or the insureds by finding excluded conduct." (*San Diego Navy Federal Credit Union* v. *Cumis Ins. Society, Ins., supra,* 162 Cal.App.3d 358, 364-365, italics added.)

The *Cumis* court concluded: "[T]he Canons of Ethics impose upon lawyers hired by the insurer an obligation to explain to the insured and the insurer the full implications of joint representation in situations where the insurer has reserved its rights to deny coverage. If the insured does not give an informed consent to continued representation, counsel must cease to represent both. Moreover, in the absence of such consent, *where there are divergent interests of the insured and the insurer* brought about by the insurer's reservation of rights based on possible noncoverage under the insurance policy, the insurer must pay the reasonable cost for hiring independent counsel by the insured." (*San Diego Navy Federal Credit Union* v. *Cumis Ins. Society, Inc., supra,* 162 Cal.App.3d 358, 375, italics added.)

Thus, several things are clear from the *Cumis* decision. One: it is applicable only when the basis for the insurer's reservation of rights creates a conflict of interest such as that of which the *Cumis* court spoke; two: the right to insist on independent counsel is the right of the insured, and the insured may, if he or she chooses, waive or otherwise forgo the right.

Here, the insured, Pedersen, in his declaration quoted earlier, appears to have affirmed the authority of Thompson & Colegate to represent him and, indeed, there is nothing whatever in the record indicating any desire on his part to the contrary. Moreover, Auto Club's reservation of rights is not founded on the possibility that coverage will be determined or affected by the nature of Pedersen's conduct as developed at trial. The reservation of rights is based on the resident relative exclusion in the policy, that is, as we understand it, Auto Club is asserting that some relationship existed between petitioner and Pedersen that would bring into play the resident relative exclusion in the policy. That is an issue extrinsic to and independent of the issue of Pedersen's liability for petitioner's injuries. The interests of Pedersen and Auto Club in establishing that Pedersen was not negligent and

is thus not liable for petitioner's injuries are identical. No *Cumis*-type conflict of interest is shown to exist.

■ These conclusions bring us to the question of petitioner's beneficial interest. ■ It is fundamental that a writ of mandate will issue only at the behest of a beneficially interested person. (Code Civ. Proc., § 1086; *Carsten* v. *Psychology Examining Com.* (1980) 27 Cal.3d 793, 796-797 [166 Cal.Rptr. 844, 614 P.2d 276]; *Parker* v. *Bowron* (1953) 40 Cal.2d 344, 351 [254 P.2d 6]; *McDonald* v. *Stockton Met. Transit Dist.* (1973) 36 Cal.App.3d 436, 443 [111 Cal.Rptr. 637]; see 8 Witkin, Cal. Procedure (3d ed. 1985) Extraordinary Writs, § 67, pp. 705-706.) As Witkin says: "The petition may show a substantial duty in the respondent, and perhaps a substantial right to enforce it in someone, but may still fail to show that the petitioner has a sufficient beneficial interest" to support issuance of the writ. (*Id.*, at p. 705.)

■ Petitioner asserts she is a person beneficially interested in the issuance of a writ "by virtue of the fact that if Thompson & Colegate are not removed at this time, it is entirely possible that the whole case would have to be relitigated at a later date if they are held to lack the required authority to represent Pedersen." It may be that in an appropriate case such a possibility might authorize a challenge to an attorney's authority by the adverse party. (Cf. *People* v. *Mariposa Co.*, *supra*, 39 Cal. 683, 685.) However, the possibility urged by petitioner simply does not exist in the present case. There is not, nor can there even be claimed to be, any lack of authority on the part of Thompson & Colegate in the fundamental sense that a judgment rendered in the case would not be binding on Pedersen. Pedersen has personally participated in the defense of the case, answering interrogatories and testifying at deposition, with full knowledge that Thompson & Colegate was representing him and he has not himself challenged, and indeed appears to have affirmed, Thompson & Colegate's representation of him. Under such circumstances, any judgment rendered in the case would be binding upon him. (See *Voinich* v. *Rolleri* (1928) 203 Cal. 379, 382-383 [264 P. 240]; *Wilson* v. *Barry*, *supra*, 102 Cal.App.2d 778, 780, 781.) The right to independent representation paid for by the insurer in the circumstances found in the *Cumis* decision was expressly stated by the *Cumis* court to be a right belonging to the insured (see *San Diego Navy Federal Credit Union* v. *Cumis Ins. Society, Inc.*, *supra*, 162 Cal.App.3d 358, 361, 375), not the insured's adversary.

Although we have concluded petitioner is not entitled to relief on the merits, we further conclude petitioner lacks the beneficial interest requisite to issuance of a writ of mandate.

## *Sanctions*

■ Respondents have asked us to impose sanctions for petitioner's institution and maintenance of this proceeding frivolously and in bad faith. While we are satisfied, regrettably, that this proceeding results from unseemly acrimony between counsel, and while we have concluded the proceeding is devoid of merit, we are unable to conclude the petition for writ of mandate was filed purely to spite counsel or that it was so obviously meritless as to establish it was filed for an improper purpose. We shall therefore deny the request for sanctions.

## *Disposition*

The petition for peremptory writ of mandate is denied. The request for sanctions is denied. The alternative writ heretofore issued is discharged. Real parties in interest shall recover their costs of this writ proceeding.

Morris, P. J., and McDaniel, J., concurred.