STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff,

v.

Manfred NEUMANN, Helga Neumann, Joseph Schell and Deborah Schell, Defendants.

No. C–88–0234 SAW.

United States District Court, N.D. California.

Sept. 13, 1988.

Lawrence A. Baker, Martin T. Lee, Haims, Johnson, MacGowan & McInerney, Oakland, Cal., for plaintiff.

William F. Burns, Gaw, Van Male & Smith, Napa, Cal., for defendants.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

Plaintiff sues for declaratory relief and restitution, asking the court to determine its rights and liabilities under a homeowners policy (the policy) issued to defendants Manfred and Helga Neumann. The other defendants, Joseph and Deborah Schell, sued the Neumanns in a state court action charging the Neumanns with misrepresentation and other malfeasance in selling their home to the Schells.[1] Plaintiff here asks the court to declare that there is no coverage under the policy for the damages claimed by the Schells in the state court action, and that plaintiff neither has nor had any obligation to defend the Neumanns in that action. Since plaintiff did

---

1. The Schells charged that the lot was smaller than had been represented, that a landslide had damaged the property prior to the sale, and that there were numerous other problems, such as leaks, broken fixtures and dry rot. The Schells also charged the Neumanns with negligent construction and maintenance of the home, intentional and negligent misrepresentation at the time of the sale, and with various contract and breach of warranty claims.

provide counsel who acted on behalf of the Neumanns in the state court action, plaintiff now seeks restitution of those attorneys' fees and costs expended on the Neumanns' behalf.

The policy insures against personal liability for property damage. It also provides for a defense at plaintiff's expense of suits against the insured for property damage. The policy was cancelled on September 26, 1985, the date escrow closed.

Plaintiff argues that liability coverage is limited because the policy applies only to property damage "which occurs during the period this policy is in effect." Homeowners Policy, Section I and Section II—Conditions, ¶ 1. The Neumanns do not seriously dispute that the policy excludes damage which occurred after the policy was cancelled on August 26, 1985.

■ Damage which occurred prior to the cancellation date is excluded on other grounds. At all times during the coverage period, the property was owned by the Neumanns. Under the policy, liability coverage does not apply to "property damage to property owned by an insured." Homeowners Policy, Section II—Exclusions, ¶ 2.b. The court therefore finds as a matter of law that there is no liability coverage afforded to the Neumanns under the policy for such damage.

■ The Neumanns assert that State Farm has waived its rights to deny coverage because it did not appoint an independent counsel. Under California Civil Code § 2860, when a policy imposes on the insurer a duty to defend, and a conflict of interest arises, the insurer must provide the insured with independent counsel. A conflict of interest may arise when "an insurer reserves its rights on a given issue and the outcome of that coverage issue can be controlled by counsel first retained by the insurer for the defense of the claim...." *Id.* § 2860(b). *See also McGee v. Superior Court*, 176 Cal.App.3d 221, 227–28, 221 Cal.Rptr. 421 (1985). Here, because plain-

tiff had no liability, State Farm's appointed attorney did not have control of the outcome of any coverage issue. Therefore no conflict of interest existed which required appointment of independent counsel.

■ Because the policy does not cover liability for the Schells' suit, plaintiff has no further duty to defend the Neumanns.[2] *California Union Ins. Co. v. Club Aquarius, Inc.*, 113 Cal.App.3d 243, 246, 169 Cal. Rptr. 685 (1980).

■ Even so, plaintiff is not entitled to reimbursement for attorney's fees expended on behalf of the Neumanns. Plaintiff has not shown any agreement with the Neumanns for such reimbursement. *See St. Paul Mercury Ins. Co. v. Ralee Engineering Co.*, 804 F.2d 520, 522 (9th Cir. 1986).

Accordingly,

IT IS HEREBY ORDERED that:

(1) plaintiff's request for restitution of attorneys' fees and costs expended is denied; and

(2) plaintiff's motion for summary judgment is in all other respects granted.

---

**2.** The issue of whether plaintiff *ever* had a duty to defend the Neumanns under California law has not been briefed by the parties and is not before the court. *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 276–77, 54 Cal.Rptr. 104, 419 P.2d 168 (1966) ("... the duty to defend is broader than the duty to indemnify.")