993 F.2d 881
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BANK OF OAKLAND, Plaintiff-Appellant,
v.
ZURICH-AMERICAN INSURANCE GROUP,* and Does
1-100, inclusive, Defendant-Appellee.
 No. 92-15094.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 15, 1993.
Decided May 14, 1993.
 
 Before SCHROEDER, PREGERSON and D.W. NELSON, Circuit Judges.
 
 MEMORANDUM[1]
 
 1
 This diversity case centers on whether there is a conflict of interest between an insurer (American Guarantee) and its insured (Bank of Oakland). Under California law, such a conflict would trigger a duty for the insurer to pay for independent counsel to represent the insured. The case also involves claims of insurance bad faith. The district court granted summary judgment for American Guarantee on the grounds that there is no duty to pay for independent counsel in this case, and that Bank of Oakland cannot demonstrate damages from the alleged bad faith. We affirm.
 
 BACKGROUND
 
 2
 American Guarantee insured Bank of Oakland with a policy covering bodily injury, personal injury, and property damage. In January 1991, the Bank was sued by Fred Payne and PADA Financial (collectively, "PADA") in a state court action (the "underlying action"). PADA's complaint claimed breach of contract, fraud, negligence, common counts, an accounting, and slander. Claims for negligent and intentional infliction of emotional distress were raised in an amended complaint.
 
 
 3
 The Bank tendered its defense to American Guarantee under the policy. The parties then exchanged a series of letters establishing their positions regarding the underlying action. American Guarantee indicated that compensatory damages for the claims of slander and emotional distress (whether intentionally or negligently inflicted) would be covered under the personal injury part of the policy. American Guarantee acknowledged similar coverage for the slander claim, which was later dropped from the underlying action. However, American Guarantee indicated there would be no coverage for the other claims because they "[were] alleged to involve financial losses" not covered by the policy. After Bank of Oakland had tendered its defense to American Guarantee but before American Guarantee had replied, American Guarantee contacted PADA's counsel and offered to settle the dispute for $7,500. PADA declined the offer, and the underlying action continued.
 
 
 4
 American Guarantee recognized its duty to provide a defense for all claims against the Bank and retained counsel for this purpose; however, a dispute arose between the parties over whether or not American Guarantee had a duty to provide independent counsel for the Bank. Bank of Oakland continued to pay its own counsel to work on the case, maintaining that American Guarantee was obligated to pay for the independent counsel.
 
 
 5
 Bank of Oakland filed this suit against American Guarantee in state court, seeking reimbursement for fees paid to the independent counsel and claiming tort damages for insurance bad faith. Based upon diversity, American Guarantee removed the case to federal court. The district court granted summary judgment to American Guarantee on all claims, and Bank of Oakland timely appeals.
 
 STANDARD OF REVIEW
 
 6
 A grant of summary judgment is reviewed de novo. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992). Viewing the evidence in the light most favorable to the non-moving party, this court determines whether there are any issues of material fact and whether the district court correctly applied the relevant substantive law. Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992).
 
 DISCUSSION
 I. Independent Counsel
 
 7
 Under California law, an insurer is required to provide its insured with a complete defense against any lawsuit alleging "facts which give rise to the potential of liability under the policy." Gray v. Zurich Insurance Co., 54 Cal.Rptr. 104, 113 (Cal.1966); see also Horace Mann Ins. Co. v. Barbara B., 17 Cal.Rptr.2d 210 (Cal.1993). Where there is a conflict of interest between the insurer and the insured, California law requires the insurer to provide independent counsel to the insured at the insurer's expense. San Diego Federal Credit Union v. Cumis Ins. Society, Inc., 208 Cal.Rptr. 494 (Cal.App.1984); Cal.Civ.Code § 2860.
 
 
 8
 California courts have established that "not every reservation of rights creates a conflict of interest requiring appointment of independent counsel," Blanchard v. State Farm Fire and Cas. Co., 2 Cal.Rptr.2d 884, 887 (Cal.App.1991), even though "[t]aken out of context, there is some language in the rather wordy Cumis opinion that might be so understood." McGee v. Superior Court (Pederson), 221 Cal.Rptr. 421, 423 (Cal.App.1985). Rather, a Cumis--type conflict exists only when the question of coverage turns on facts or issues to be determined in the underlying action. See Foremost Ins. Co. v. Wilks, 253 Cal.Rptr. 596, 602 (Cal.App.1988) (where reservation of rights is based on coverage dispute which has nothing to do with issues being litigated in underlying action, there is no conflict); Blanchard, 2 Cal.Rptr.2d at 887 ("If the issue on which coverage turns is independent of the issues in the underlying case, Cumis counsel is not required."); cf. Cumis, 208 Cal.Rptr. 494 (conflict of interest where coverage depended on insured's intent, which was to be litigated in underlying action).
 
 
 9
 Nor is there a conflict of interest unless the insurance company will somehow benefit from a handling of the underlying liability issue which is detrimental to the insured. Foremost, 253 Cal.Rptr. at 602 ("Foremost gains no benefit from pursuing a theory that [the insured] acted with malice or reckless disregard for the truth. Ergo, there is no conflict of interest." [emphasis added]; Blanchard, 2 Cal.Rptr.2d at 887 ("Insurance counsel had no incentive to attach liability to [the insured]."). Cumis itself justified its rule in part on the fear that " 'the insurer may be subject to substantial temptation to shape its defense so as to place the risk of loss entirely upon the insured.' " Cumis, 208 Cal.Rptr. at 501 (quoting Tomerlin v. Canadian Indemnity Co., 39 Cal.Rptr. 731 (Cal.1964)).
 
 
 10
 Bank of Oakland claims that American Guarantee has a duty to provide Cumis counsel in this case because there is a conflict of interest as to the breach of contract claim, the negligence and fraud claims, and the emotional distress claim. The Bank is mistaken; there is no conflict as to any of these claims, and American Guarantee accordingly has no duty to provide independent counsel.
 
 1. The Breach of Contract Claim
 
 11
 The Bank first contends that there is a conflict as to the cause of action for breach of contract. The claim labeled "BREACH OF CONTRACT" in the underlying complaint clearly refers to both the business contract and the separate commercial lease between PADA and the Bank. PADA's complaint alleges that both the contract and the lease were breached, and alleges damages from the breach. The Bank equates breach of lease with wrongful eviction and argues that there is a conflict because liability for wrongful eviction is covered, while liability for breach of the business contract is not. The Bank argues:
 
 
 12
 With respect to the conflict, the insurer's counsel ... would only have an interest in strongly defending [the Bank] against the breach of the lease, not breach of the agency contract, to avoid damages arising out of the wrongful eviction.... [T]he insurer's counsel would have incentive to direct the litigation to a showing that all property damages claimed by plaintiffs flow solely from breach of the business agreement, not wrongful eviction, and are therefore not covered.... [I]t is exactly this incentive to conduct litigation adversely to the insured's interest which must be avoided. The insurer's counsel would thus be able to influence the outcome of coverage determinative issues....
 
 
 13
 Even assuming arguendo that PADA's complaint states a claim for wrongful eviction, the Bank has not shown a conflict of interest triggering the Cumis duty to provide independent counsel. Breach of the business contract and breach of the lease are two separate claims, even though listed in PADA's complaint under the same heading. Liability for one claim is not related to liability for the other. The Bank could be liable for breach of both the lease and the business contract--or neither. American Guarantee would not benefit if the litigation were "shaped" to a finding of liability for the breach of the business contract, because that would not in any way reduce the potential for liability on the breach of lease claim. There is no incentive to harm the Bank; thus, there is no conflict of interest. See Blanchard, 2 Cal.Rptr. at 887.
 
 
 14
 The Bank is merely arguing that counsel provided by the insurer has less incentive to defend against the uncovered claim. But a conflict does not arise simply because the counsel provided by the insurer defends against both covered and uncovered claims. Native Sun Inv. Group v. Ticor Title Ins. Co., 235 Cal.Rptr. 34, 40 (Cal.App.1987).
 
 2. The Negligence and Fraud Claims
 
 15
 The Bank next contends that a conflict of interest arises from the negligence and fraud causes of action. The Bank claims that there is a conflict here for exactly the same reason as in Cumis: American Guarantee would benefit at the Bank's expense should the Bank's conduct prove to be intentional rather than negligent, because fraud is not covered by the policy while negligence is. As the district court correctly found, however, there is no coverage under the policy for either of these claims. Because neither claim is covered, there is no conflict of interest.
 
 
 16
 The negligence count of PADA's complaint alleges that the Bank "owed [PADA] a fiduciary duty and a duty of care to handle the accounts and business established by [PADA]," and that the Bank "breached the aforementioned duties by negligently and carelessly failing to timely process and service merchant accounts acquired by [PADA] and by failing to properly account for money due [PADA]." No reasonable reading of the policy would find coverage of the damages alleged in PADA's complaint. The damage alleged here is economic damage, which is not covered by the policy. The Bank's policy does cover "property damage," but the policy plainly states that " 'Property damage' means: [p] Physical injury to tangible property, including all resulting loss of use of that property; or [p] Loss of use of tangible property that is not physically injured."[2]
 
 
 17
 Because liability for either the negligence or the fraud claims would lie only with the Bank, the underlying action will not be coverage determinative; American Guarantee has no interest one way or the other in the outcome. There is no conflict of interest between American Guarantee and the Bank as to the negligence and fraud claims.
 
 3. The Emotional Distress Claim
 
 18
 Finally, the Bank argues that there is a conflict of interest as to the negligent and intentional infliction of emotional distress claims. The Bank argues there is a conflict as to these claims because (just as in Cumis ) American Guarantee would benefit at the Bank's expense if the emotional distress were found to arise from intentional conduct, rather than negligent conduct. But American Guarantee has accepted coverage of compensatory damages from either intentional or negligent infliction of emotional distress. The only difference between the two claims is that the Bank could be liable for punitive damages if its actions are found to be intentional. But under § 2860(b), the presence of a claim for punitive damages does not create a conflict of interest: "No conflict of interest shall be deemed to exist as to allegations of punitive damages...."; see also Foremost, 253 Cal.Rptr. at 597 (claim for punitive damages does not create conflict of interest).
 
 
 19
 4. There is No Duty to Provide Independent Counsel
 
 
 20
 The Bank has failed to point out any conflict of interest between the Bank and American Guarantee. At most, the Bank shows that there are both covered and uncovered claims and that American Guarantee has reserved it rights[3] to deny coverage for some of the claims. But that is not enough to establish a conflict of interest. It is apparent that the Bank seeks a holding that it is not enough for an insurer to defend the entire action, but that the insurer must also retain independent counsel in any case in which the insurer acknowledges coverage of fewer than all the claims. This is not what California law views as a conflict triggering a duty to engage independent counsel. The district court properly granted summary judgment to American Guarantee on the Bank's claim for independent counsel.
 
 II. The Bad Faith Claims
 
 21
 The district court also granted summary judgment to American Guarantee on the claims of insurance bad faith. The Bank alleges bad faith in American Guarantee's failure to provide Cumis counsel and in American Guarantee's early attempt to settle with PADA.[4] Summary judgment was granted to American Guarantee on the bad faith claim because the Bank could not show damages.
 
 
 22
 The California Supreme Court recently indicated that an action for insurance bad faith is an "action for the interference with property rights" and that such an action "relates to financial damage." Gourley v. State Farm Mut. Ins. Co., 279 Cal.Rptr. 307 (Cal.1991). The Court described economic loss as a "threshold requirement" in an insurance bad faith action. Id.
 
 
 23
 The Bank alleges that American Guarantee's early attempts to settle the dispute with PADA were improper and encouraged PADA to continue with its action against the Bank. On appeal, however, the Bank claims actual damages only in the form of attorney's fees paid to independent counsel in the underlying action and expenses incurred in defending that action. As discussed above, American Guarantee has no duty to provide independent counsel to the Bank. Accordingly, the Bank cannot claim fees paid its independent attorneys in the underlying action as damages. American Guarantee has provided the Bank with a full defense against all claims in the underlying complaint as required by state law. The attorney's fees and any other defense costs paid by the Bank simply are not damages arising from American Guarantee's acts, even if American Guarantee's acts did prolong the underlying litigation as the Bank alleges.[5]
 
 
 24
 While the Bank strenuously argues that there are issues of material fact as to the questionable nature of American Guarantee's acts, the arguments do not address the district court's grounds for granting summary judgment. The district court granted summary judgment because the Bank failed to allege or demonstrate damages from American Guarantee's actions. If the Bank cannot show damages arising from the alleged acts of bad faith, the propriety of American Guarantee's actions is immaterial.
 
 
 25
 The Bank suggests that "[a]t a minimum, ... the Bank was entitled to discovery regarding the attempted settlement and the damages arising from it." However, discovery against American Guarantee cannot possibly help the Bank to identify its own damages. Since the Bank has not made any showing that it was damaged by American Guarantee's alleged misconduct, summary judgment was properly granted on the bad faith claims.
 
 CONCLUSION
 
 26
 There is no conflict of interest between American Guarantee and the Bank in the underlying action, and the Bank is unable to demonstrate damages flowing from American Guarantee's alleged bad faith. The district court appropriately granted summary judgment.
 
 
 27
 AFFIRMED.
 
 
 
 *
 American Guarantee and Liability Insurance Company ("American Guarantee") answered the complaint in this case, stating that it had been erroneously sued as Zurich-American Insurance Group. Although the caption has not been changed, American Guarantee has acted as the defendant in this case, and all the briefs refer to American Guarantee as the insurer and defendant
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [2]
 As American Guarantee points out, this claim is also not covered under the personal injury part of the policy. The only personal injury which could be associated with mishandling the funds is emotional distress. But emotional distress has been asserted in a different count of the complaint, for which American Guarantee has already acknowledged coverage of compensatory damages
 
 
 [3]
 The parties dispute whether American Guarantee was "reserving its rights," or "denying" coverage outright. Apparently they debate this issue with an eye toward the following language in § 2860(b): "a conflict of interest does not exist as to allegations or facts in the litigation for which the insurer denies coverage." The reservation-of-rights/outright-denial distinction is immaterial to the resolution of this case, however, because there is no actual conflict of interest. Without a conflict of interest, there is no duty to provide independent counsel--regardless of how American Guarantee's actions are characterized
 
 
 [4]
 As discussed above, American Guarantee is under no duty to provide the Bank with Cumis counsel; accordingly, the Bank's first theory of bad faith is wholly without merit
 
 
 [5]
 In its complaint, the Bank also claimed punitive damages and attorney's fees in the instant litigation. On appeal, the Bank does not assert these as damages suffered from American Guarantee's bad faith. Nor could the Bank do so; under California law, these kinds of damages could only be awarded if the Bank suffered some actual economic damage. Punitive damages are not recoverable in an insurance bad faith action when the insured has sustained no actual damages. Tan Jay Int'l v. Canadian Indem. Co., 243 Cal.Rptr. 907, 913 (Cal.App.1988). Likewise, attorney's fees are considered damages only when they are reasonably necessary "to obtain the benefits due under a policy." Brandt v. Superior Court (Standard Ins. Co.), 10 Cal.Rptr. 211, 213 (Cal.1985). Since Bank of Oakland has not been deprived of any "benefits due under [its] policy," the attorneys' fees spent in the instant litigation cannot be claimed as damages