24 F.3d 247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Petey JOHNSON, Plaintiff-Appellant,
v.
AETNA CASUALTY & SURETY COMPANY, Defendant-Appellee.
 No. 92-56545.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1994.*
Decided April 21, 1994.
 
 1
 Before: HALL, LEAVY and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Petey Johnson appeals the entry of summary judgment denying her claim against Aetna Casualty & Surety Company for breach of the duty to defend. We affirm.
 
 BACKGROUND FACTS
 
 4
 Johnson was employed by Assured Content Restoration (Assured) and covered by employee health insurance issued by Reserve Life Insurance Company. A few months after Johnson was seriously injured, Reserve Life notified Assured that it was going to substantially increase the insurance premium. Assured chose to let the policy lapse.
 
 
 5
 Johnson sued Assured and Assured tendered the defense of the action to its general liability insurer, Aetna. Aetna denied coverage and withdrew from the defense on the grounds that Johnson's complaint did not allege an occurrence and the exclusion for bodily injury to an employee was applicable. Johnson, as Assured's assignee, brought this action against Aetna for breach of the duty to defend Assured. The district court, holding that there was no potential for coverage, granted summary judgment for Aetna.[1]
 
 DISCUSSION
 A. Duty to Defend
 
 6
 An insurer has a duty to defend when there is a potential for indemnity based on the allegations of the complaint and facts known to the insurer. See, e.g., Horace Mann Ins. Co. v. Barbara B., 4 Cal.4th 1076, 1081, 17 Cal.Rptr.2d 210, 213-14, 846 P.2d 792 (1993); Gray v. Zurich Ins. Co., 65 Cal.2d 263, 276-77, 54 Cal.Rptr. 104, 113, 419 P.2d 168 (1966). The corollary to this principle is that if damages are not of the nature and kind contemplated by the policy, there is no potential for indemnification and no duty to defend. See Gray, 65 Cal.2d at 274, 54 Cal.Rptr. at 111; Dykstra v. Foremost Ins. Co., 14 Cal.App.4th 361, 367-69, 17 Cal.Rptr.2d 543, 546 (1993); Aim Ins. Co. v. Culcasi, 229 Cal.App.3d 209, 228, 280 Cal.Rptr. 766, 776-77 (1991). If there can be no coverage, there can be no duty to defend. See State Farm Mut. Auto. Ins. Co. v. Longden, 197 Cal.App.3d 226, 233, 242 Cal.Rptr. 726, 730-31 (1987); cf. Crane v. Royal Ins. Co. of Am., No. 92-55874, slip op. 2031, 2035-38, 1994 WL 56439 (9th Cir. Feb. 28, 1994) (no duty to defend action excluded by policy).
 
 1. Complaint Based on Contract
 
 7
 Aetna agreed to "pay those sums that [Assured] becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage.' " This policy language covers only tort claims, not claims based on breach of contract. Aim, 229 Cal.App.3d at 214, 280 Cal.Rptr. at 768; Fragomeno v. Ins. Co. of the West, 207 Cal.App.3d 822, 828, 255 Cal.Rptr. 111, 114 (1989); Fireman's Fund Ins. Co. v. City of Turlock, 170 Cal.App.3d 988, 995, 216 Cal.Rptr. 796, 800 (1985); International Surplus Lines Ins. Co. v. Devonshire Coverage Corp., 93 Cal.App.3d 601, 611, 155 Cal.Rptr. 870, 875 (1979).
 
 
 8
 In determining whether the claim sounds in tort or in contract, the critical inquiry is whether, absent the contract, defendant could have been liable for the resultant damage. City of Turlock, 170 Cal.App.3d at 996, 216 Cal.Rptr. at 800; see Fragomeno, 207 Cal.App.3d at 828-31, 255 Cal.Rptr. at 114-17; International Surplus, 93 Cal.App.3d at 610-12, 155 Cal.Rptr. at 874-76; cf. Aim, 229 Cal.App.3d at 216, 280 Cal.Rptr. at 769 (tort claim based on allegation that employer voluntarily undertook to forward employee's insurance application to insurer and told employee that she would be properly enrolled).
 
 
 9
 Assured's duty to secure health insurance for Johnson was based solely on the employment contract. Unlike the situation in Aim, Assured did not voluntarily undertake a duty to maintain insurance benefits for her apart from the employment contract. Absent the employment contract, Assured had no duty to provide insurance at all and could not be liable to Johnson when it decided to let the policy lapse because of the premium increase.
 
 
 10
 Johnson also alleged that Assured breached a statutory duty to inform her of conversion rights. See Cal.Lab.Code Secs. 2800.2, 2800.3; Caldwell v. Mutual Benefit Life Ins. Co., 177 Cal.App.3d 381, 384, 223 Cal.Rptr. 7, 8 (1986) (employer must inform employee of conversion rights).[2] She claims that she stated an action against Assured for violation of the statutes. Here, however, the statutory duty, if any, is parasitic on the employment contract; it has no force apart from the contract. See Fragomeno, 207 Cal.App.3d at 831, 255 Cal.Rptr. at 116-17. Absent the contract, Assured would have had no duty to inform Johnson of conversion rights. Thus, even if the statutes are relied upon, Johnson's action did not state a tort claim within the meaning of the liability policy.
 
 
 11
 In short, all of the claims were contractual for insurance purposes, so there was no potential for coverage.
 
 2. Occurrence
 
 12
 "Occurrence" is defined in the policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The term "accident" necessarily excludes intentional acts by the insured. E.g., Dykstra, 14 Cal.App. 4th at 366-67, 17 Cal.Rptr.2d at 545-46; Chatton v. National Union Fire Ins. Co., 10 Cal.App.4th 846, 860-62, 13 Cal.Rptr.2d 318, 327-28 (1992); Loyola Marymount Univ. v. Hartford Accident & Indem. Co., 219 Cal.App.3d 1217, 1224-25, 271 Cal.Rptr. 528, 532 (1990). Assured made an intentional business decision to let the policy lapse because of the increase in premium. That action cannot be characterized as accidental.
 
 
 13
 Thus, the district court did not err in concluding that there was no potential for indemnity, and no duty to defend, because Johnson's claim did not constitute an occurrence.
 
 B. Reservation of Rights
 
 14
 Johnson claims that Aetna's November 20 letter was ineffective as a reservation of rights because it did not specifically state the grounds for denying coverage which Aetna purported to reserve. Johnson argues that Aetna waived or is now estopped to assert that the policy does not provide coverage.
 
 
 15
 Waiver and estoppel are affirmative defenses. In the insurance context, these defenses include some element of misconduct by the insurer or detrimental reliance by the insured. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1559 (9th Cir.1991); Miller v. Elite Ins. Co., 100 Cal.App.3d 739, 755-56, 161 Cal.Rptr. 322, 330-31 (1980). On summary judgment, Johnson was required to produce some evidence which raised a genuine issue of fact regarding Aetna's misconduct or Assured's detrimental reliance. See Celotex Corp. v. Catrett, 477 U.S. 316, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). She did not.
 
 
 16
 Her claim that Assured did not have its own counsel for a short time (about two months) is insufficient to show detrimental reliance. See Intel, 952 F.2d at 1561; Hartford Fire Ins. Co. v. Spartan Realty Int'l, Inc., 196 Cal.App.3d 1320, 1326-27, 242 Cal.Rptr. 462, 465-66 (1987); cf. Miller, 100 Cal.App.3d at 755, 161 Cal.Rptr. at 331 (two year delay). It is equally insufficient to show waiver. See USLIFE Sav. & Loan Ass'n v. National Sur. Corp., 115 Cal.App.3d 336, 348, 171 Cal.Rptr. 393, 400 (1981). So, too, is the claim that Assured could not respond to Aetna's reservation claim for a short time. See Insurance Co. of the West v. Haralambos Beverage Co., 195 Cal.App.3d 1308, 1322, 241 Cal.Rptr. 427, 434 (1987). And the concomitant claim that there may have been some potential conflict for counsel during that period fares no better. No actual or potential conflict is identified, and no damage to Assured's interests is shown. See Golden Eagle Ins. Co. v. Foremost Ins. Co., 20 Cal.App.4th 1372, 1394-95, 25 Cal.Rptr.2d 242, 257 (1993); Blanchard v. State Farm Fire & Casualty Co., 2 Cal.App.4th 345, 350, 2 Cal.Rptr.2d 884, 887 (1991); see also State Farm Fire & Casualty Co. v. Neumann, 698 F.Supp. 195, 196 (N.D.Cal.1988).
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The parties have waived the requirements of Fed.R.Civ.P. 58 and we have jurisdiction of this appeal. See Bankers Trust Co. v. Mallis, 435 U.S. 381, 386-88, 98 S.Ct. 1117, 1121, 55 L.Ed.2d 357 (1978)
 
 
 [2]
 We, along with the parties, assume for present purposes, without deciding, that the statutes are not preempted by ERISA, but see that as a highly dubious proposition. See 29 U.S.C. Secs. 1161(a), 1163